JAMES R. OLSON, ESQ.
Nevada Bar No. 116
MAX E. CORRICK, II
Nevada Bar No. 6609
OLSON, CANNON, GORMLEY,
ANGULO & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, NV 89129
Phone: 702-384-4012
Fax: 702-383-0701
mcorrick@ocgas.com

*Attorneys for Plaintiffs*
*Hartford Fire Insurance Company and*
*Hartford Accident and Indemnity Company*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**
**SOUTHERN DIVISION**

HARTFORD FIRE INSURANCE COMPANY, a Connecticut corporation, and HARTFORD ACCIDENT AND INDEMNITY COMPANY, a Connecticut corporation,

Plaintiffs,

v.

PACIFIC EMPLOYERS INSURANCE COMPANY; THE AMERICAN INSURANCE COMPANY; UNITED STATES LIABILITY INSURANCE COMPANY; THE CONTINENTAL INSURANCE COMPANY; GRANITE STATE INSURANCE COMPANY; THE HERMAN KISHNER TRUST; IRWIN KISHNER, as Trustee for the Herman Kishner Trust; JERRY ENGEL, as Trustee for the Herman Kishner Trust; BANK OF AMERICA, N.A., as Trustee for the Herman Kishner Trust; MARYLAND SQUARE SHOPPING CENTER LIMITED LIABILITY COMPANY; MARYLAND SQUARE, LLC; MELVIN SHAPIRO AND SHAPIRO BROS. INVESTMENT CORP.

Case No.

**COMPLAINT FOR: DECLARATORY JUDGMENT AND REIMBURSEMENT**

NOW COME Hartford Fire Insurance Company ("Hartford Fire") and Hartford Accident and Indemnity Company ("Hartford Accident") (collectively referred to herein as "Hartford"), by and through their attorneys and for their Complaint state as follows:

**NATURE OF CLAIM**

1. This is an action for declaratory judgment pursuant to 28 U.S.C. §2201 wherein Hartford seeks a declaration that certain liability insurance policies issued by Hartford do not obligate Hartford to provide a defense or indemnity with respect to certain underlying environmental actions.

2. Hartford also seeks a declaration that defendant, Maryland Square, LLC does not qualify as an insured under the policies issued by Hartford.

3. Although Hartford initially agreed to participate in the defense of certain defendants with respect to the underlying environmental actions, Hartford now seeks a declaration that it has no duty to further defend or indemnify with respect to those actions. Hartford also seeks reimbursement from certain defendants of monies paid by Hartford in the defense of those actions.

4. Further, in the alternative, Hartford seeks a declaration regarding the allocation of defense and indemnity costs between the parties.

**THE PARTIES**

5. Plaintiff, Hartford Fire is an insurance company organized and existing under the laws of the State of Connecticut, with its principal place of business in Connecticut.

6. Plaintiff, Hartford Accident is an insurance company organized and existing under the laws of the State of Connecticut, with its principal place of business in Connecticut.

7. Upon information and belief, Defendant, Pacific Employers Insurance Company ("PEIC") is an insurance company organized and existing under the laws of the State of Pennsylvania, with its principal place of business located in the State of Pennsylvania.

8. Upon information and belief, Defendant, The American Insurance Company

("American") is a corporation organized under the laws of the State of Ohio with its principal place of business located in the State of California.

9. Upon information and belief, Defendant, United States Liability Insurance Company ("USLIC") is a corporation organized under the laws of the State of Pennsylvania, with its principal place of business located in the State of Pennsylvania.

10. Upon information and belief, Defendant, The Continental Insurance Company ("Continental") is a corporation organized under the laws of the State of Pennsylvania, with its principal place of business located in the State of Illinois.

11. Upon information and belief, Defendant, Granite State Insurance Company ("Granite State") is a corporation organized under the laws of the State of Pennsylvania, with its principal place of business located in the State of New York.

12. Defendants PEIC, American, USLIC, Continental and Granite State are collectively referred to within this Complaint as the "Other Insurers."

13. Upon information and belief, Defendant, The Herman Kishner Trust ("Kishner Trust") is a private trust created and administered under the laws of the State of Nevada.

14. Upon information and belief, Defendant, Irwin Kishner, who is sued here solely in his capacity as a Trustee for the Kishner Trust, is a citizen of the State of Nevada.

15. Upon information and belief, Defendant, Jerry Engel, who is sued here solely in his capacity as a Trustee for the Kishner Trust, is a citizen of the State of Nevada.

16. Upon information and belief, Defendant, Bank of America, N.A. ("Bank of America"), which is sued here solely in its capacity as a Trustee for the Kishner Trust, is a national banking association organized and existing under the laws of the United States of America, and is located for the purposes of 28 U.S.C Section 1348 in the State of North Carolina.

17. Upon information and belief, Defendant, Maryland Square Shopping Center Limited Liability Company ("MSSC") is a Nevada limited liability company, whose managing member is Jerry Engel, a citizen of Nevada.

18. Defendants, Kishner Trust, Irwin Kishner, Jerry Engel, Bank of America, MSSC, and Herman Kishner d/b/a Maryland Square Shopping Center, are collectively referred to within this Complaint as the "Trust Defendants."

19. Upon information and belief, Defendant, Maryland Square, LLC ("Maryland Square") is a Nevada limited liability company, whose managing member is Paul G. Roberts, a citizen of Massachusetts.

20. Upon information and belief, Defendant, Melvin Shapiro, is an individual citizen of the State of Nevada and, at certain times relevant to this action, conducted business individually and/or as a general partnership under the fictitious names "Al Phillips The Cleaner" and/or "Al Phillips The Cleaner, Inc."

21. Upon information and belief, Defendant, Shapiro Bros. Investment Corp. ("SBIC") is a corporation which was formed under the laws of the State of Nevada in or about 1972 and which was dissolved in 1984. Plaintiffs are informed and believe, and on that basis allege, that SBIC conducted business under the fictitious names "Al Phillips The Cleaner" and/or "Al Phillips The Cleaner, Inc." in the State of Nevada at certain times relevant to this action.

22. Defendants Melvin Shapiro, SBIC, and Philip Shapiro, individually and doing business individually and/or as a general partner of "Al Phillips the Cleaner" or "Al Phillips the Cleaner, Inc."; the Estate of Philip Shapiro; Al Phillips The Cleaner, Inc. (dissolved corporation no. 745-1965), and Al Phillips The Cleaner, Inc. (dissolved corporation no. 11-71) are collectively referred to within this Complaint as the "Shapiro Defendants."

**JURISDICTION AND VENUE**

23. Jurisdiction is proper in this Court, pursuant to 28 U.S.C §1332(a), because the Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

24. Venue is proper in this District, pursuant to 28 U.S.C §1391(b)(2), because a substantial part of the events or omissions giving rise to Hartford's claims occurred in this District and the insurance policies issued by Hartford were issued in this District. Venue is further proper in this District because one of the underlying actions giving rise to this Complaint is venued in this Court.

## FACTUAL BACKGROUND

### A. The Underlying Actions

25. Upon information and belief, from 1968 to 1984, SBIC operated a dry-cleaning business in Las Vegas, Nevada on property located at 3661 South Maryland Parkway or 3659 South Maryland Parkway ("the Property").

26. SBIC leased the Property from the owners of the Property.

27. Between 1968 and 2002, one or more of the Trust Defendants owned the Property. In 2002, the Property was sold to the Clark County School District.

28. In 2005, Maryland Square purchased the Property from the Clark County School District. Maryland Square is the current owner of the Property.

29. On or about December 21, 2007, a class action lawsuit titled *Voggenthaler, et al. v. Maryland Square, LLC, et al.*, Case No 07-A-553784 was filed in the Eighth Judicial District Court, Clark County Nevada, by and on behalf of owners of homes located near the Property (the "State Court Action"). The complaint in the State Court Action alleged that a chemical commonly known as PCE was found in the soil and groundwater at and below the subject homes, and that the presence of PCE was the result of acts or omissions of owners and operators of premises on the Property.

30. The State Court Action was dismissed on or about June 27, 2012.

31. On or about November 19, 2008, a lawsuit titled *Voggenthaler, et al. v. Maryland Square, LLC, et al.*, Case No. 2:08-cv-1618-LDG-GWF, was filed in the United States District Court, District of Nevada, on behalf of 28 homeowners in a neighborhood located near the Property (the "Federal Court Action"). The plaintiffs seek injunctive relief under the Federal Resource Conservation and Recovery Act for the cleanup and remediation of PCE in the soil and groundwater at and below the plaintiffs' property.

32. On or about May 9, 2009, the State of Nevada, Department of Conservation and Natural Resources, Division of Environmental Protection, Bureau of Corrective Actions ("NDEP") filed a lawsuit titled *State of Nevada, Department of Conservation and Natural Resources, Division of Environmental Protection, Bureau of Corrective Actions v. Maryland Square Shopping Center, LLC, et al.*, Case No. 3:09-cv-00231-BES-VPC, in the United States District Court, District of Nevada (the "NDEP Action"). The NDEP seeks injunctive relief and cost recovery relating to the presence of PCE in soil and groundwater at and near the Property. On July 22, 2010, the NDEP Action was consolidated with the Federal Court Action.

33. For purposes of this Complaint, the State Court Action, the Federal Action and the NDEP Action are collectively referred to as the "Underlying Actions."

**B. <u>The Hartford Primary Policies</u>**

34. Hartford Fire issued a primary general liability policy to "Shapiro Brothers Investments DBA: Al Phillips The Cleaner" that was assigned Policy No. 53 CBP GV6264 for the policy period beginning November 7, 1982 and ending August 1, 1983.

35. Hartford Accident issued a primary general liability policy to "Shapiro Brothers Investments DBA: Al Phillips The Cleaner" that was assigned Policy No. 53 CBP GV6264 for the policy period beginning August 1, 1983 and ending August 1, 1984.

36. The two primary general liability policies issued by Hartford Fire and Hartford Accident are collectively referred to herein as the "Hartford Primary Policies."

37. Upon information and belief, the Trust Defendants and the Shapiro Defendants possess copies of the Hartford Primary Policies. Copies of the Hartford Primary Policies will be provided upon request.

38. Each of the Hartford Primary Policies is subject to its insuring agreements, terms, conditions, limits and exclusions as if fully set forth herein.

39. The Insuring Agreement of the Hartford Primary Policies provides, in relevant part:

> The company will pay on behalf of the *insured* all sums which the *insured* shall become legally obligated to pay *as damages* because of
>
> **Coverage A** – *bodily injury or*
> **Coverage B** – *property damage*
>
> to which this insurance applies, caused by an *occurrence*, and the company shall have the right and duty to defend any suit against the *insured* seeking *damages* on account of such *bodily injury* or *property damage* . . .

40. The Hartford Primary Policies define "occurrence" as "an accident, including continuous or repeated exposure to conditions, which results in *bodily injury* or *property damage* neither expected nor intended from the standpoint of the *insured*."

41. The Hartford Primary Policies define "property damage:

> "***property damage***" means (1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an *occurrence* during the policy period

42. The Hartford Primary Policies contain an exclusion for pollution which provides, in relevant part:

> This insurance does not apply:
>
> to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental

**C. <u>The Hartford Umbrella Policies</u>**

43. Hartford Accident issued two umbrella general liability policy to "Shapiro Brothers Investments DBA: Al Phillips The Cleaner" that were assigned Policy No. 53 RHU NB6570 for the policy period beginning April 11, 1983 and ending August 1, 1983, and the policy period beginning August 1, 1983 and ending August 1, 1984.

44. The two umbrella general liability policies issued by Hartford Accident are collectively referred to herein as the "Hartford Umbrella Policies."

45. Upon information and belief, the Trust Defendants and the Shapiro Defendants possess copies of the Hartford Umbrella Policies. Copies of the Hartford Umbrella Policies will be provided upon request.

46. Each of the Hartford Umbrella Policies is subject to its insuring agreements, terms, conditions, limits and exclusions as if fully set forth herein.

47. The Insuring Agreement of the Hartford Umbrella Policies provides, in relevant part:

The company will pay on behalf of the **insured ultimate net loss** in excess of the total applicable limit (as stated in the Extension Schedule of **Underlying Insurance** Policies) of **underlying insurance** or the amount of the **self-insured retention** when no **underlying insurance** applies because of **bodily injury, personal injury, property damage** or **advertising injury** to which this insurance applies, caused by an **occurrence.**

48. With respect to property damage, the Hartford Umbrella Policies define "occurrence" as "an accident, including continuous or repeated exposure to conditions, which results in **bodily injury** or **property damage** neither expected nor intended from the standpoint of the **insured** . . ."

49. The Hartford Umbrella Policies define "property damage" as:

**"property damage"** means (1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an **occurrence** during the policy period

50. The Hartford Umbrella Policies contain an exclusion for pollution which provides, in relevant part:

This insurance does not apply:

to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply to (1) injury or damage if such discharge, dispersal, release or escape is sudden and accidental . . .

**D. The Other Insurers' Policies**

51. Upon information and belief, PEIC issued the following primary insurance policies to "Shapiro Brothers Investment Corp. dba Al Phillips the Cleaner." Such policies are in the possession of PEIC:

| Policy Number | Policy Period |
|---|---|
| DLP DO 52 22 24 2 | July 1, 1981 to July 1, 1982 |
| DLP DO 52 22 24 2 | July 1, 1982 to November 7, 1982 |

52. Upon information and belief, American issued the following primary insurance policies to "Al Philips The Cleaner, Inc." Such policies are in the possession of American:

| Policy Number | Policy Period |
|---|---|
| MXP-2568097 | May 30, 1974 to May 30, 1977 |
| MXP-3055458 | May 30, 1977 to May 30, 1980 |

53. Upon information and belief, USLIC issued the following primary insurance policy to "Valley Bank of Nevada, Irwin Kishner and Jerry Engel, as Co-Trustees of The Herman Kishner Trust and as Co-Executors of the Estate of Herman Kishner, Deceased." Such policy is in the possession of USLIC:

| Policy Number | Policy Period |
|---|---|
| SMP1021 | November 1, 1972 to November 1, 1975 |

54. Upon information and belief, Continental issued the following primary insurance policy to "Shapiro Brothers Investment Corp. dba Al Phillips the Cleaner." Such policy is in the possession of Continental.

| Policy Number | Policy Period |
|---|---|
| CBP 1065585 | August 1, 1984 to August 1, 1985 |

55. Upon information and belief, Granite State issued the following primary insurance policies to "Valley Bank of Nevada, Irwin Kishner and Jerry Engel, as Co-Trustees of The Herman Kishner Trust and as Executors of the Estate of Herman Kishner, Deceased." Such policies are in the possession of Granite State:

| Policy Number | Policy Period |
|---|---|
| SMP 76-94-42 | July 15, 1975 to July 15, 1978 |
| POP 67-93-18 | July 15, 1978 to July 15, 1981 |
| POP 279-55-27 | July 15, 1981 to July 15, 1984 |

56. Upon information and belief, Granite State issued the following primary insurance policy to "Al Phillips the Cleaner, Inc." Such policy is in the possession of Granite State:

| Policy Number | Policy Period |
|---|---|
| POP 17-05-36 | June 1, 1980 to June 1, 1983 |

## COUNT I

## Declaratory Judgment Against The Shapiro Defendants, The Trust Defendants and Maryland Square

57. Paragraphs 1 through 56 are hereby incorporated by reference as if fully set forth herein.

58. The Underlying Actions allege property damage for pollution arising out of SBIC's dry cleaning operations.

59. The Hartford Primary Policies and Hartford Umbrella Policies contain pollution exclusions that bar coverage for the Underlying Actions.

60. The Underlying Actions do not allege an "occurrence."

61. The Shapiro Defendants, the Trust Defendants and Maryland Square are not entitled to coverage under the Hartford Primary Policies or the Hartford Umbrella Policies to the extent the "property damage," if any, did not occur during the respective policy periods of the Hartford Primary Policies and/or Hartford Umbrella Policies.

62. The Shapiro Defendants, the Trust Defendants and Maryland Square are not entitled to coverage under the Hartford Primary Policies or the Hartford Umbrella Policies for "property damage," if any, that was expected or intended.

63. The Shapiro Defendants, the Trust Defendants and Maryland Square are not entitled to coverage under one or more of the Hartford Primary Policies or Hartford Umbrella Policies to the extent the claims alleged constituted a known loss or a loss in progress.

64. In addition, the claims of the Shapiro Defendants are barred by the doctrine of Accord and Satisfaction.

65. Other terms and conditions of the Hartford Primary Policies and/or the Hartford Umbrella Policies may also bar coverage for the Underlying Actions.

66. There is no possibility of coverage for the claims asserted in the Underlying Actions against the Shapiro Defendants, Trust Defendants and/or Maryland Square and/or for any indemnification paid by the Trust Defendants to Maryland Square.

67. Accordingly, a real, substantial and justiciable controversy has arisen and now exists between Hartford on the one hand and the Shapiro Defendants, the Trust Defendants and Maryland Square on the other hand, which controversy is subject to resolution by this Court.

WHEREFORE, Plaintiffs Hartford Fire Insurance Company and Hartford Accident and Indemnity Company respectfully request that this Honorable Court enter an Order declaring the following relief:

A. That Hartford has no obligation to defend and no obligation to indemnify the Shapiro Defendants, the Trust Defendants and/or Maryland Square with respect to the Underlying Actions;

B. Award Hartford its attorneys fees and costs in connection with this suit; and

C. For such other and further relief that this Honorable Court deems appropriate and just.

**COUNT II**

**Declaratory Judgment Against Maryland Square**

68. Paragraphs 1 through 67 are hereby incorporated by reference as if fully set forth herein.

69. The Hartford Primary Policies and/or Hartford Umbrella Policies include an endorsement which adds the "Maryland Square Shopping Center" as additional insured. The endorsement states:

> It is agreed that: ADDITIONAL INSUREDS AS FOLLOWS:
>
> LOC 1 – 3659 SO MARYLAND PARKWAY, LAS VEGAS, NV
>
> MARYLAND SQUARE SHOPPING CENTER
>
> 3661 SO MARYLAND PARKWAY
>
> LAS VEGAS, NV 89101

70. The "persons insured" provision of the Hartford Umbrella Policies provides, in relevant part:

> III. PERSONS INSURED
>
> Each of the following, including the **named insured**, is an **insured** under this insurance to the extent set forth below:
>
> * * *
>
> G. any person or organization to whom or to which the **named insured** is obligated by virtue of a written contract to provide insurance such as is afforded by this policy, but only with respect to operations performed by the **named insured**, or facilities owned or used by the **named insured;**

71. Hartford disputes that the endorsement and provision above provide insured status to Maryland Square.

72. According to the records of the Nevada Secretary of State, Maryland Square filed Articles of Incorporation on September 6, 2005. Those Articles do not reference any alleged predecessor entity, any alleged successor status and/or any relation to a "Maryland Square Shopping Center."

73. The Hartford Primary and Umbrella Policies expired on August 1, 1984, more than 20 years before Maryland Square was incorporated.

74. In addition, Maryland Square acquired the Property in 2005, more than 20 years after all of the Hartford Primary and Umbrella Policies had expired.

75. Accordingly, a real, substantial and justiciable controversy has arisen and now exists between Hartford on the one hand and Maryland Square on the other hand as to whether Maryland Square is entitled to coverage under the Hartford Primary and Umbrella Policies, which controversy is subject to resolution by this Court.

WHEREFORE, Plaintiffs Hartford Fire Insurance Company and Hartford Accident and Indemnity Company respectfully request that this Honorable Court enter an Order declaring the following relief:

A. That Maryland Square does not qualify as an insured under the Hartford Primary Policies and/or the Hartford Umbrella Policies;

B. That Hartford has no obligation to defend and no obligation to indemnify Maryland Square with respect to the Underlying Actions;

C. Award Hartford its attorneys fees and costs in connection with this suit; and

D. For such other and further relief that this Honorable Court deems appropriate and just.

**COUNT III**

**Claim for Reimbursement Against the Shapiro Defendants**

76. Paragraphs 1 through 75 are hereby incorporated by reference as if fully set forth herein.

77. Hartford agreed to participate in the defense of the Shapiro Defendants with respect to the Underlying Actions, subject to a reservation of rights, including the right to seek reimbursement.

78. Hartford asserts that the Shapiro Defendants were or are not entitled to receive the benefit of Hartford's payments towards the defense of the Underlying Actions.

79. Hartford seeks equitable reimbursement from the Shapiro Defendants for all monies paid by Hartford towards the defense of the Underlying Actions.

WHEREFORE, Plaintiffs Hartford Fire Insurance Company and Hartford Accident and Indemnity Company respectfully request that this Honorable Court enter an Order declaring the following relief:

A. That Hartford is entitled to equitable reimbursement from the Shapiro Defendants for all monies paid by Hartford for the defense of the Underlying Actions;

B. Award Hartford its attorneys fees and costs in connection with this suit; and

C. For such other and further relief that this Honorable Court deems appropriate and just.

**COUNT IV**

**Claim for Reimbursement Against the Trust Defendants**

80. Paragraphs 1 through 79 are hereby incorporated by reference as if fully set forth herein.

81. Hartford agreed to participate in the defense of the Trust Defendants with respect to the Underlying Actions, subject to a reservation of rights, including the right to seek reimbursement.

82. Hartford asserts that the Trust Defendants were or are not entitled to receive the benefit of Hartford's payments towards the defense of the Underlying Actions.

83. Hartford seeks equitable reimbursement from the Trust Defendants for all monies paid by Hartford towards the defense of the Underlying Actions and all indemnification paid by the Trust Defendants to Maryland Square.

WHEREFORE, Plaintiffs Hartford Fire Insurance Company and Hartford Accident and Indemnity Company respectfully request that this Honorable Court enter an Order declaring the following relief:

A. That Hartford is entitled to equitable reimbursement from the Trust Defendants for all monies paid by Hartford for the defense of the Underlying Actions;

B. Award Hartford its attorneys fees and costs in connection with this suit; and

C. For such other and further relief that this Honorable Court deems appropriate and just.

**COUNT VI**

**Claim for Reimbursement Against the Other Insurers**

84. Paragraphs 1 through 83 are hereby incorporated by reference as if fully set forth herein.

85. Hartford agreed to participate in the defense of the Shapiro Defendants and the Trust Defendants with respect to the Underlying Actions, subject to a reservation of rights, including the right to seek reimbursement.

86. Hartford seeks reimbursement from the Other Insurers for all past and future monies paid by Hartford for the defense of the Underlying Actions in excess of Hartford's applicable share of the defense costs.

WHEREFORE, Plaintiffs Hartford Fire Insurance Company and Hartford Accident and Indemnity Company respectfully request that this Honorable Court enter an Order declaring the following relief:

A. That Hartford is entitled to reimbursement from the Other Insurers for all past and future monies paid by Hartford for the defense of the Underlying Actions in excess of Hartford's applicable share;

B. Award Hartford its attorneys fees and costs in connection with this suit; and

C. For such other and further relief that this Honorable Court deems appropriate and just.

**COUNT VII**

**Alternative Claim for Declaratory Relief Against the Other Insurers, Trust Defendants and Shapiro Defendants**

87. Paragraphs 1 through 86 are hereby incorporated by reference as if fully set forth herein.

88. In the event it is determined that Hartford has an ongoing defense and/or indemnity obligation for the Underlying Actions (which Hartford denies), Hartford seeks a declaration that it is entitled to contribution, reallocation, reimbursement and/or apportionment of defense and/or indemnity paid for the Underlying Actions from the Other Insurers, the Trust Defendants and the Shapiro Defendants.

89. Accordingly, a real, substantial and justiciable controversy has arisen and now exists between Hartford on the one hand and the Other Insurers, the Trust Defendants and the Shapiro Defendants on the other hand, which controversy is subject to resolution by this Court.

WHEREFORE, Plaintiffs Hartford Fire Insurance Company and Hartford Accident and Indemnity Company respectfully request that this Honorable Court enter an Order declaring the following relief:

A. In the event it is determined that Hartford has an ongoing defense and/or indemnity obligation with respect to the Underlying Actions, declaring that Hartford is entitled to contribution, reallocation, reimbursement and/or apportionment from the Other Insurers, the Trust Defendants and the Shapiro Defendants.

B. Award Hartford its attorneys fees and costs in connection with this suit; and

C. For such other and further relief that this Honorable Court deems appropriate and just.

Dated: January 11, 2013.

Respectfully submitted,

OLSON, CANNON, GORMLEY,
ANGULO & STOBERSKI

By: ______________________________

MAX E. CORRICK, II
NEVADA BAR NO. 6609
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Tel: (702) 384-4012
Fax: (702) 383-0701
mcorrick@ocgas.com

*Attorneys for Plaintiffs Hartford Fire Insurance Company and Hartford Accident and Indemnity Company*