1  Steven J. Parsons
   Nevada Bar No. 363
2  LAW OFFICES OF STEVEN J. PARSONS
   7201 W. Lake Mead Blvd., Ste. 108
3  Las Vegas, NV 89128-8354
   (702) 384-9900
4  (702) 384-5900 (fax)
   Steve@SJPlawyer.com
5
   Robert G. Russell, Jr.
6  Nevada Bar No. 5475
   Cecilia O. Miller
7  *compliant with LR IA 10-2*
   PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
8  525 B St., Ste. 2200
   San Diego, CA 92101-4401
9  (619) 238.1900
   (619) 235.0398 (fax)
10 Bob.Russell@procopio.com
   Cecilia.Miller@procopio.com
11
   Attorneys for Defendants
12 **THE HERMAN KISHNER TRUST; IRWIN
   KISHNER,** as Trustee for the Herman
13 Kishner Trust; **JERRY ENGEL,** as Trustee for
   the Herman Kishner Trust; **BANK OF
14 AMERICA, N.A.,** as Trustee for the Herman
   Kishner Trust; **MARYLAND SQUARE
15 SHOPPING CENTER, LLC; MARYLAND
   SQUARE, LLC**

16

17            **UNITED STATES DISTRICT COURT**

18               **DISTRICT OF NEVADA**

19 **HARTFORD FIRE INSURANCE COMPANY,**          Case No. **2:13-cv-55-MMD-(PAL)**
   *et al.,*
20                                                **DEFENDANTS, THE HERMAN KISHNER
              Plaintiffs,                         TRUST; IRWIN KISHNER,** as Trustee For
21                                                The Herman Kishner Trust; **JERRY ENGEL,**
   v.                                             as Trustee For The Herman Kishner Trust;
22                                                **BANK OF AMERICA, N.A.,** as Trustee For
   **PACIFIC   EMPLOYERS   INSURANCE**            The Herman Kishner Trust; **MARYLAND
23 COMPANY;** *et al.,*                           SQUARE SHOPPING CENTER, LLC;** and
                                                  <u>**MARYLAND SQUARE, LLC'S ANSWER**</u>
24            Defendants.

25 _____/

26 **DEFENDANTS, THE HERMAN KISHNER TRUST; IRWIN KISHNER,** as Trustee for the

27 Herman Kishner Trust; **JERRY ENGEL,** as Trustee for the Herman Kishner Trust; **BANK OF**

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Steve@SJPlawyer.com*
                                    Page 1 of  18

1    **AMERICA, N.A.,** as Trustee for the Herman Kishner Trust; **MARYLAND SQUARE SHOPPING**

2    **CENTER, LLC** (collectively, the "Trust Defendants"); and **MARYLAND SQUARE, LLC** ("MSLLC")

3    (collectively "Answering Defendants") by their attorneys Steven J. Parsons of LAW OFFICES OF

4    STEVEN J. PARSONS, and Robert G. Russell, Jr. and Cecilia O. Miller of PROCOPIO, CORY,

5    HARGREAVES AND SAVITCH, LLP, answer the Complaint for Declaratory Judgment and

6    Reimbursement filed by Plaintiffs **HARTFORD FIRE INSURANCE COMPANY** and **HARTFORD**

7    **ACCIDENT AND INDEMNITY COMPANY** (collectively, "Hartford") as follows:

8           Dated: Friday, March 29, 2013.

9                                                    LAW OFFICES OF STEVEN J. PARSONS

10                                                   /s/ Steven J. Parsons
                                                     STEVEN J. PARSONS
11                                                   Nevada Bar No. 363

12                                                   Attorney for Defendants
                                                     **THE HERMAN KISHNER TRUST; IRWIN KISHNER,**
13                                                   as Trustee for the Herman Kishner Trust; **JERRY**
                                                     **ENGEL,** as Trustee for the Herman Kishner Trust;
14                                                   **BANK OF AMERICA, N.A.,** as Trustee for the
                                                     Herman Kishner Trust; **MARYLAND SQUARE**
15                                                   **SHOPPING CENTER, LLC; MARYLAND SQUARE,**
                                                     **LLC**

16

17                         <u>CERTIFICATE OF SERVICE BY E-FILING</u>

18          I hereby certify that service of the foregoing Defendants' Answer by e-filing with the

19   Court's CM/ECF system, duly noting that on a prior e-filing by the other parties, they have been

20   noted as receiving copies from the court by e-filing and that they have consented to be served

21   in that manner.

22          Dated: Friday, March 29, 2013.

23                                                   /s/ Tana Daugherty
                                                     An Employee of LAW OFFICES OF STEVEN J. PARSONS

24

25

26

27

**NATURE OF CLAIM**

1.      Paragraph 1 of the Hartford's Complaint is a statement of the Hartford's contentions and legal conclusions to which no response is required.  The Trust Defendants and MSLLC admit that the Hartford attempts to invoke jurisdiction under the Declaratory Judgment Act, but the Trust Defendants and MSLLC dispute the propriety of such jurisdiction due to a pending, underlying proceeding.   The Trust Defendants and MSLLC deny any remaining allegations of Paragraph 1.

2.      Paragraph 2 is a statement of the Hartford's contentions and legal conclusions to which no response is required.  The Trust Defendants and MSLLC admit that the Hartford attempts to invoke jurisdiction under the Declaratory Judgment Act, but the Trust Defendants and MSLLC dispute the propriety of such jurisdiction due to a pending, underlying proceeding. The Trust Defendants and MSLLC deny any remaining allegations of Paragraph 2.

3.      Paragraph 3 is a statement of the Hartford's contentions and legal conclusions to which no response is required.  The Trust Defendants and MSLLC admit that the Hartford attempts to invoke jurisdiction under the Declaratory Judgment Act, but the Trust Defendants and MSLLC dispute the propriety of such jurisdiction due to a pending, underlying proceeding. The Trust Defendants and MSLLC admit that Hartford initially agreed to participate in the defense of Maryland Square Shopping Center by paying only a share of that entity's defense costs.  The Trust Defendants and MSLLC deny any remaining allegations of Paragraph 3.

4.      Paragraph 4 is a statement of the Hartford's contentions and legal conclusions to which no response is required.  The Trust Defendants and MSLLC admit that the Hartford attempts to invoke jurisdiction under the Declaratory Judgment Act, but the Trust Defendants and MSLLC dispute the propriety of such jurisdiction due to a pending, underlying proceeding. The Trust Defendants and MSLLC deny any remaining allegations of Paragraph 4.

**THE PARTIES**

5.      The Trust Defendants and MSLLC do not have sufficient information upon which to base a belief as to the truth or falsity of the allegations of Paragraph 5 and, based thereon,

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Steve@SJPlawyer.com*

Page 3 of  18

1  deny generally and specifically each and every such allegation.

2      6.    The Trust Defendants and MSLLC do not have sufficient information upon which
3  to base a belief as to the truth or falsity of the allegations of Paragraph 6 and, based thereon,
4  deny generally and specifically each and every such allegation.

5      7.    The Trust Defendants and MSLLC do not have sufficient information upon which
6  to base a belief as to the truth or falsity of the allegations of Paragraph 7 and, based thereon,
7  deny generally and specifically each and every such allegation.

8      8.    The Trust Defendants and MSLLC do not have sufficient information upon which
9  to base a belief as to the truth or falsity of the allegations of Paragraph 8 and, based thereon,
10  deny generally and specifically each and every such allegation.

11      9.    The Trust Defendants and MSLLC do not have sufficient information upon which
12  to base a belief as to the truth or falsity of the allegations of Paragraph 9 and, based thereon,
13  deny generally and specifically each and every such allegation.

14      10.    The Trust Defendants and MSLLC do not have sufficient information upon which
15  to base a belief as to the truth or falsity of the allegations of Paragraph 10 and, based
16  thereon, deny generally and specifically each and every such allegation.

17      11.    The Trust Defendants and MSLLC do not have sufficient information upon which
18  to base a belief as to the truth or falsity of the allegations of Paragraph 11 and, based
19  thereon, deny generally and specifically each and every such allegation.

20      12.    No response of the Trust Defendants or MSLLC is required as to the allegations
21  of Paragraph 12.

22      13.    The Trust Defendants and MSLLC deny the allegations of Paragraph 13 and
23  affirmatively allege that when Herman Kishner established his Trust, it was known as The
24  Herman Kishner Trust.  After Mr. Kishner died, the Trust was subdivided into two trusts, The
25  Herman Kishner Trust B-1, which existed for the benefit of his daughter Sara, and The Herman
26  Kishner Trust B-2, which existed for the benefit of his son Michael.  The only trust with an
27  interest in Maryland Square is The Herman Kishner Trust B-1, which is the successor to The

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Steve@SJPlawyer.com*

Page 4 of  18

1   Herman Kishner Trust and is a private trust created under the laws of the State of Nevada.

2   The Trust Defendants and MSLLC deny any remaining allegations of Paragraph 13.

3       14.   The Trust Defendants and MSLLC admit the allegations of Paragraph 14.

4       15.   The Trust Defendants and MSLLC admit the allegations of Paragraph 15.

5       16.   The Trust Defendants and MSLLC admit that Bank of America, N.A. ("Bank of

6   America") is a co-trustee of the Trust.  The Trust Defendants and MSLLC admit that Bank of

7   America is headquartered in Charlotte, North Carolina.  The Trust Defendants and MSLLC do

8   not have sufficient information upon which to base a belief as to the truth or falsity of the

9   remaining allegations of Paragraph 16 and, based thereon, deny generally and specifically

10  each and every other allegation.

11      17.   The Trust Defendants and MSLLC admit that Maryland Square Shopping Center

12  Limited Liability Company ("MSSC") is a Nevada limited liability company.   The Trust

13  Defendants and MSLLC further admit that Jerry Engel is the manager of MSSC.  The Trust

14  Defendants and MSLLC deny that Jerry Engel is a member of MSSC.

15      18.   In response to the allegations of Paragraph 18, the Trust Defendants and MSLLC

16  deny that "Herman Kishner d/b/a Maryland Square Shopping Center" is a party to this

17  litigation.  The Trust Defendants and MSLLC admit that the Kishner Trust did business as

18  Maryland Square Shopping Center.  The Trust Defendants and MSLLC further admit that Mr.

19  Herman Kishner, who is a not a party to this litigation, also did business as "Maryland Square

20  Shopping Center."

21      19.   The Trust Defendants and MSLLC admit that Maryland Square, LLC (referred to

22  in the Complaint as "Maryland Square"; hereinafter referred to as "MSLLC") is a Nevada limited

23  liability company.  The Trust Defendants and MSLLC admit that Paul G. Roberts, a citizen of

24  Massachusetts, is the manager of MSLLC.  The Trust Defendants and MSLLC deny that Mr.

25  Roberts is a member of MSLLC.

26      20.   The Trust Defendants and MSLLC do not have sufficient information upon which

27  to base a belief as to the truth or falsity of the allegations of Paragraph 20 and, based

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Steve@SJPlawyer.com*

Page 5 of  18

1   thereon, deny generally and specifically each and every such allegation.

2       21.    The Trust Defendants and MSLLC do not have sufficient information upon which

3   to base a belief as to the truth or falsity of the allegations of Paragraph 21 and, based

4   thereon, deny generally and specifically each and every such allegation.

5       22.    No response of the Trust Defendants or MSLLC is required as to the allegations

6   of Paragraph 22.

7                            <u>**JURISDICTION AND VENUE**</u>

8       23.    Paragraph 23 is a statement of the Hartford's contentions and legal conclusions

9   to which no response is required.   The Trust Defendants and MSLLC deny any remaining

10  allegations of Paragraph 23.

11      24.    The Trust Defendants and MSLLC admit the allegations of Paragraph 24.

12                             <u>**FACTUAL BACKGROUND**</u>

13      A.     <u>**The Underlying Actions**</u>

14      25.    In response to the allegations of Paragraph 25, the Trust Defendants and MSLLC

15  affirmatively allege that Al Phillips the Cleaner, Inc. signed a lease in 1968 but did not

16  commence operations until 1969.   The Trust Defendants and MSLLC further allege that Al

17  Phillips the Cleaner, Inc. assigned the lease thereafter to SBIC, which operated a dry cleaning

18  business at 3659 South Maryland Parkway, Las Vegas, Nevada until August 30, 1984.   The

19  Trust Defendants and MSLLC deny generally and specifically each and every other allegation

20  of Paragraph 25.

21      26.    The Trust Defendants and MSLLC admit the allegations of Paragraph 26.

22      27.    The Trust Defendants and MSLLC admit the allegations of Paragraph 27.

23      28.    The Trust Defendants and MSLLC admit the allegations of Paragraph 28.

24      29.    The Trust Defendants and MSLLC admit the allegations of Paragraph 29.

25      30.    The Trust Defendants and MSLLC admit that the Plaintiffs' claims in the State

26  Court Action were dismissed with prejudice on June 27, 2012.   The Trust Defendants and

27  MSLLC deny that the Third Party Complaints and Cross Complaints in the State Court Action

1  were dismissed on June 27, 2012.  The Trust Defendants and MSLLC deny generally and

2  specifically each and every other allegation of Paragraph 30.

3      31.    The Trust Defendants and MSLLC admit the allegations of Paragraph 31.

4      32.    In response to the allegations of Paragraph 32, the Trust Defendants and MSLLC

5  affirmatively allege that on May 4, 2009 the NDEP filed a lawsuit titled *State of Nevada,*

6  *Department of Conservation and Natural Resources, Division of Environmental Protection,*

7  *Bureau of Corrective Actions v. Maryland Square Shopping Center, LLC, et al.,* Case No.

8  3:09-CV-00231-BES-(VPC) in the United States District Court for the District of Nevada.  The

9  Trust Defendants and MSLLC admit the NDEP action seeks injunctive relief and cost recovery

10  relating to the presence of PCE in soil and groundwater at or near the Property.  The Trust

11  Defendants and MSLLC further allege that the NDEP Action was consolidated with the Federal

12  Court Action on August 10, 2010.  The Trust Defendants and MSLLC deny generally and

13  specifically each and every other allegation of Paragraph 32.

14      33.    No response of the Trust Defendants or MSLLC is required as to the allegations

15  of Paragraph 33.

16      **B.**    <u>The Hartford Primary Policies</u>

17      34.    The Trust Defendants and MSLLC admit the allegations of Paragraph 34.

18      35.    The Trust Defendants and MSLLC admit the allegations of Paragraph 35.

19      36.    No response of the Trust Defendants or MSLLC is required as to the allegations

20  of Paragraph 36.

21      37.    In response to the allegations of Paragraph 37, the Trust Defendants and MSLLC

22  deny that they possess complete copies of the Hartford Primary Policies.  The Trust Defendants

23  and MSLLC do not have sufficient information upon which to base a belief as to the truth or

24  falsity of the other allegations of Paragraph 37 and, based thereon, deny generally and

25  specifically each and every such allegation.

26      38.    Paragraph 38 is a statement of the Hartford's contentions and legal conclusions

27  to which no response is required.  The Trust Defendants and MSLLC deny any remaining

1    allegations of Paragraph 38.

2       39.    In response to the allegations of Paragraph 39, the Trust Defendants and MSLLC

3    admit that the incomplete copy of the Hartford Policy numbered 53 CBP GV 6264 in their

4    possession contains the cited language.   Except as so expressly admitted, the Trust

5    Defendants and MSLLC deny each and every allegation in Paragraph 39.

6       40.    In response to the allegations of Paragraph 40, the Trust Defendants and MSLLC

7    deny that the incomplete copies of the Hartford Primary Policies in their possession contain

8    the cited language.  The Trust Defendants and MSLLC do not have sufficient information upon

9    which to base a belief as to the truth or falsity of the other allegations of Paragraph 40 and,

10   based thereon, deny generally and specifically each and every such allegation.

11      41.    In response to the allegations of Paragraph 41, the Trust Defendants and MSLLC

12   deny that the incomplete copies of the Hartford Primary Policies in their possession contain

13   the cited language.  The Trust Defendants and MSLLC do not have sufficient information upon

14   which to base a belief as to the truth or falsity of the other allegations of Paragraph 41 and,

15   based thereon, deny generally and specifically each and every such allegation.

16      42.    In response to the allegations of Paragraph 42, the Trust Defendants and MSLLC

17   admit that the incomplete copies of the Hartford Primary Policies in their possession contain

18   the cited language.  Except as so expressly admitted, the Trust Defendants and MSLLC deny

19   each and every allegation in Paragraph 42.

20      **C.    The Hartford Umbrella Policies**

21      43.    The Trust Defendants and MSLLC admit the allegations of Paragraph 43.

22      44.    No response of the Trust Defendants or MSLLC is required as to the allegations

23   of Paragraph 44.

24      45.    In response to the allegations of Paragraph 45, the Trust Defendants and MSLLC

25   deny that they possess complete copies of the Hartford Umbrella Policies.   The Trust

26   Defendants and MSLLC do not have sufficient information upon which to base a belief as to

27   the truth or falsity of the other allegations of Paragraph 45 and, based thereon, deny generally

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Steve@SJPlawyer.com*
                              Page 8 of  18

1 and specifically each and every such allegation.

2     46.    Paragraph 46 is a statement of the Hartford's contentions and legal conclusions

3 to which no response is required. The Trust Defendants and MSLLC deny any remaining

4 allegations of Paragraph 46.

5     47.    In response to the allegations of Paragraph 47, the Trust Defendants and MSLLC

6 admit that the incomplete copies of the Hartford Umbrella Policies in their possession contain

7 the cited language. Except as so expressly admitted, the Trust Defendants and MSLLC deny

8 each and every allegation in Paragraph 47.

9     48.    In response to the allegations of Paragraph 48, the Trust Defendants and MSLLC

10 admit that the incomplete copies of the Hartford Umbrella Policies in their possession contain

11 the cited language. Except as so expressly admitted, the Trust Defendants and MSLLC deny

12 each and every allegation in Paragraph 48.

13     49.    In response to the allegations of Paragraph 49, the Trust Defendants and MSLLC

14 admit that the incomplete copies of the Hartford Umbrella Policies in their possession contain

15 the cited language. Except as so expressly admitted, the Trust Defendants and MSLLC deny

16 each and every allegation in Paragraph 49.

17     50.    In response to the allegations of Paragraph 50, the Trust Defendants and MSLLC

18 admit that the incomplete copies of the Hartford Umbrella Policies in their possession contain

19 the cited language with the exception of the term "soot." Except as so expressly admitted, the

20 Trust Defendants and MSLLC deny each and every allegation in Paragraph 50.

21     **D.**    **The Other Insurers' Policies**

22     51.    The Trust Defendants and MSLLC admit the allegations of Paragraph 51.

23     52.    The Trust Defendants and MSLLC admit the allegations of Paragraph 52.

24     53.    The Trust Defendants MSLLC admit the allegations of Paragraph 53.

25     54.    In response to the allegations of Paragraph 54, the Trust Defendants and MSLLC

26 affirmatively allege that Continental issued a primary insurance policy to "Shapiro Brothers

27 Investments DBA: Al Phillips the Cleaner" numbered CBP 1065585 for the policy period

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Steve@SJPlawyer.com*

Page 9 of  18

beginning August 1, 1984 and ending August 1, 1985.  The Trust Defendants and MSLLC further allege that Continental issued an umbrella liability policy to "Shapiro Brothers Investments DBA: Al Phillips the Cleaner" numbered LX CBP 1065585 for the policy period beginning August 1, 1984 and ending August 1, 1985.

55.   The Trust Defendants and MSLLC admit the allegations of Paragraph 55.

56.   In response to the allegations of Paragraph 56, the Trust Defendants and MSLLC admit that Granite State issued a primary insurance policy to "Al Phillips the Cleaner, Inc. and Shapiro Brothers Investment Corp." that was assigned Policy Number POP 17-05-36 for the policy period beginning June 1, 1980 and ending June 1, 1983.

<u>RESPONSE TO COUNT I</u>
(Declaratory Judgment – against the Shapiro Defendants, The Trust Defendants and MSLLC)

57.   By way of response to the allegations of Paragraph 57, the Trust Defendants and MSLLC re-allege and incorporate herein by reference the responses to the allegations of Paragraphs 1 through 56.

58.   The Trust Defendants and MSLLC admit the allegations of Paragraph 58.

59.   The Trust Defendants and MSLLC deny the allegations of Paragraph 59.

60.   The Trust Defendants and MSLLC deny the allegations of Paragraph 60.

61.   The Trust Defendants and MSLLC deny the allegations of Paragraph 61.

62.   In response to the allegations of Paragraph 62, the Trust Defendants and MSLLC admit that certain of the incomplete copies of the Hartford Primary Policies and the Hartford Umbrella Policies in their possession define occurrence, in relevant part, as "an accident … which results … in property damage neither expected nor intended from the standpoint of the insured."  The Trust Defendants and MSLLC deny that any property damage alleged in the Underlying Actions was or is expected or intended.

63.   The Trust Defendants and MSLLC deny the allegations of Paragraph 63.

64.   No response of the Trust Defendants or MSLLC is required as to the allegations of Paragraph 64.

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Steve@SJPlawyer.com*

Page 10 of  18

65.     Paragraph 65 is a statement of the Hartford's contentions and legal conclusions to which no response is required.   The Trust Defendants and MSLLC deny any remaining allegations of Paragraph 65.

66.     The Trust Defendants and MSLLC deny the allegations of Paragraph 66.

67.     Paragraph 67 is a statement of the Hartford's contentions and legal conclusions to which no response is required.  The Trust Defendants and MSLLC admit that the Hartford attempts to invoke jurisdiction under the Declaratory Judgment Act, but the Trust Defendants and MSLLC dispute the propriety of such jurisdiction due to a pending, underlying proceeding. The Trust Defendants and MSLLC deny any remaining allegations of Paragraph 67.

## RESPONSE TO COUNT II
### (Declaratory Judgment Against MSLLC)

68.     By way of response to the allegations of Paragraph 68, Defendant MSLLC re-alleges and incorporates herein by reference the responses to the allegations of Paragraphs 1-67.  No response of the Trust Defendants is required as to the allegations of Paragraph 68.

69.     In response to the allegations of Paragraph 69, Defendant MSLLC admits that certain of the incomplete copies of the Hartford Primary and Umbrella Policies in its possession contain or incorporate the cited language.  No response of the Trust Defendants is required as to the allegations of Paragraph 69.

70.     In response to the allegations of Paragraph 70, Defendant MSLLC admits that certain of the incomplete copies of the Hartford Primary and Umbrella Policies in its possession contain the cited language.   No response of the Trust Defendants is required as to the allegations of Paragraph 70.

71.     Paragraph 71 is a statement of the Hartford's contentions and legal conclusions to which no response is required.  Defendant MSLLC denies any remaining allegations of Paragraph 71.  No response of the Trust Defendants is required as to the allegations of Paragraph 71.

72.     In response to the allegations of Paragraph 72, Defendant MSLLC does not have

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Steve@SJPlawyer.com*

Page 11 of  18

1   sufficient information upon which to base a belief as to the truth or falsity of allegations

2   regarding the records of the Nevada Secretary of State, which records are the best evidence

3   of their content.  Defendant MSLLC admits that it filed Articles of Incorporation on September

4   6, 2005 with the Nevada Secretary of State.  Defendant MSLLC further admits that the

5   Articles it filed did not reference information on any alleged successors or any relation to

6   "Maryland Square Shopping Center."  Except as so expressly admitted, Defendant MSLLC

7   denies each and every allegation in Paragraph 72.  No response of the Trust Defendants is

8   required as to the allegations of Paragraph 72.

9          73.    In response to the allegations of Paragraph 73, Defendant MSLLC admits that

10  the incomplete copies of the Hartford Primary and Umbrella Policies in its possession indicate

11  an expiration date of August 1, 1984.  Defendant MSLLC further admits that it was formed in

12  2005.  Except as so expressly admitted, Defendant MSLLC denies each and every allegation

13  in Paragraph 73.  No response of the Trust Defendants is required as to the allegations of

14  Paragraph 73.

15         74.    In response to the allegations of Paragraph 74, Defendant MSLLC admits that

16  the incomplete copies of the Hartford Primary and Umbrella Policies in its possession indicate

17  an expiration date of August 1, 1984.  Defendant MSLLC further admits that it acquired the

18  Property in 2005.  Except as so expressly admitted, Defendant MSLLC denies each and every

19  allegation in Paragraph 74.  No response of the Trust Defendants is required as to the

20  allegations of Paragraph 74.

21         75.    Paragraph 75 is a statement of the Hartford's contentions and legal conclusions

22  to which no response is required.  Defendant MSLLC admits that the Hartford attempts to

23  invoke jurisdiction under the Declaratory Judgment Act, but Defendant MSLLC disputes the

24  propriety of such jurisdiction due to a pending, underlying parallel proceeding.  Defendant

25  MSLLC denies any remaining allegations of Paragraph 75.  No response of the Trust

26  Defendants is required as to the allegations of Paragraph 75.

27  ...

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Steve@SJPlawyer.com*

Page 12 of  18

**RESPONSE TO COUNT III**
(Claim for Reimbursement Against the Shapiro Defendants)

76. By way of response to the allegations of Paragraph 76, the Trust Defendants and MSLLC re-allege and incorporate herein by reference the responses to the allegations of Paragraphs 1-75.

77. No response of the Trust Defendants or MSLLC is required as to the allegations of Paragraph 77.

78. No response of the Trust Defendants or MSLLC is required as to the allegations of Paragraph 78.

79. No response of the Trust Defendants or MSLLC is required as to the allegations of Paragraph 79.

**RESPONSE TO COUNT IV**
(Claim for Reimbursement Against the Trust Defendants)

80. By way of response to the allegations of Paragraph 80, the Trust Defendants and MSLLC re-allege and incorporate herein by reference the responses to the allegations of Paragraphs 1-79.

81. In response to the allegations of Paragraph 81, the Trust Defendants and MSLLC admit that the Hartford agreed to participate in the defense of Maryland Square Shopping Center in the Underlying Actions by paying only a share of that entity's defense costs and subject to a reservation of rights, including the right to seek reimbursement. The Trust Defendants and MSLLC deny any remaining allegations of Paragraph 81.

82. The Trust Defendants and MSLLC deny the allegations of Paragraph 82.

83. Paragraph 83 is a statement of the Hartford's contentions and legal conclusions to which no response is required. The Trust Defendants and MSLLC deny any remaining allegations of Paragraph 83.

...

...

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Steve@SJPlawyer.com*

Page 13 of 18

1

**RESPONSE TO COUNT VI**[1]
(Claim for Reimbursement Against the Other Insurers)

2

3   84.    In response to the allegations of Paragraph 84, the Trust Defendants and MSLLC

4   re-allege and incorporate herein by reference the responses to the allegations of Paragraphs

5   1-83.

6   85.    In response to the allegations of Paragraph 85, the Trust Defendants and MSLLC

7   admit that Hartford agreed to participate in the defense of Maryland Square Shopping Center

8   with respect to the Underlying Actions by paying only a share of that entity's defense costs and

9   subject to a reservation of rights, including the right to seek reimbursement.   The Trust

10  Defendants and MSLLC specifically deny that Hartford agreed to defend the Kishner Trust, Irwin

11  Kishner, Jerry Engel, Bank of America and MSLLC.  The Trust Defendants and MSLLC do not

12  have sufficient information upon which to base a belief as to the truth or falsity of the other

13  allegations of Paragraph 85 and, based thereon, deny generally and specifically each and

14  every such allegation.

15  86.    No response of the Trust Defendants or MSLLC is required as to the allegations

16  of Paragraph 86.

17

**RESPONSE TO COUNT VII**
(Alternative Claim for Declaratory Relief Against the Other Insurers,
Trust Defendants and Shapiro Defendants)

18

19  87.    In response to the allegations of Paragraph 87, the Trust Defendants and MSLLC

20  re-allege and incorporate herein by reference the responses to the allegations of Paragraphs

21  1-86.

22  88.    Paragraph 88 is a statement of the Hartford's contentions and legal conclusions

23  to which no response is required.   The Trust Defendants and MSLLC deny any remaining

24  allegations of Paragraph 88.

25  89.    Paragraph 89 is a statement of the Hartford's contentions and legal conclusions

26  ───────────────────

27  [1]This Count was incorrectly numbered in the Complaint, however, for consistency, the
Trust Defendants and MSLLC will adopt this numbering, and omit any Count V.

1    to which no response is required.  The Trust Defendants and MSLLC deny any remaining

2    allegations of Paragraph 89.

3    **AFFIRMATIVE DEFENSES**

4    As and for affirmative defenses to the Complaint on file herein and each cause of action

5    therein, these answering Defendants allege that:

6    **FIRST AFFIRMATIVE DEFENSE**
(Failure to State a Claim for Relief)

7

8    The Complaint fails to state a claim upon which relief can be granted against these

9    answering Defendants.

10   **SECOND AFFIRMATIVE DEFENSE**
(Assumption of Risk)

11

12   Plaintiffs, with full knowledge of all risks attendant thereto, voluntarily and knowingly

13   assumed all risks attendant upon said conduct referred to in Plaintiffs' Complaint and all

14   purported damages alleged to be related thereto and proximately caused thereby.

15   **THIRD AFFIRMATIVE DEFENSE**
(Failure to Mitigate Damages)

16

17   Plaintiffs failed, neglected and refused to mitigate their alleged damages and therefore

18   are barred from recovery or, alternatively, Plaintiffs' recovery must be reduced to the extent of

19   their failure to mitigate.

20   **FOURTH AFFIRMATIVE DEFENSE**
(Estoppel)

21

22   The Complaint herein is barred by reasons of acts, omissions, representations and

23   course of conduct by Plaintiffs upon which these answering Defendants were led to rely to their

24   detriment, thereby barring under the Doctrine of Estoppel any causes of action asserted by the

25   Plaintiffs.

26   ...

27   ...

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Steve@SJPlawyer.com*

Page 15 of  18

**FIFTH AFFIRMATIVE DEFENSE**
(Laches)

Plaintiffs' Complaint is barred by the equitable Doctrine of Laches.

**SIXTH AFFIRMATIVE DEFENSE**
(Waiver)

Plaintiffs have waived each and every alleged claim against these answering Defendants as set forth in the Complaint.  Plaintiffs have engaged in conduct and activities sufficient to constitute a waiver of any purported rights or entitlements as set forth in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**
(Unclean Hands)

By virtue of Plaintiffs' unlawful, immoral, careless, negligent and other wrongful conduct, Plaintiffs should be barred from recovering against these answering Defendants under the equitable doctrines of Unclean Hands and of *in pari delicto*.

**EIGHTH AFFIRMATIVE DEFENSE**
(Statute of Limitations)

Plaintiffs' causes of action are time barred under all applicable statutes of limitations.

**NINTH AFFIRMATIVE DEFENSE**
(Duty to Defend)

Plaintiffs' claims for relief and each of them are barred in whole or in part by the terms of the Hartford Primary and Umbrella Policies, which obligate the Plaintiffs to provide a defense to the Trust Defendants in the Underlying Actions.

**TENTH AFFIRMATIVE DEFENSE**
(Duty to Indemnify)

Plaintiffs' claim for relief and each of them are barred in whole or in part by the terms of the Hartford Primary and Umbrella Policies, which obligate the Plaintiffs to indemnify the Trust Defendants with respect to the Underlying Actions.

...

*Law Offices of Steven J. Parsons*
*7201 W. Lake Mead Blvd., Ste. 108*
*Las Vegas, Nevada 89128-8354*
*(702)384-9900; fax (702)384-5900*
*Steve@SJPlawyer.com*

Page 16 of  18

1

**ELEVENTH AFFIRMATIVE DEFENSE**
(Bad Faith)

2

3      Plaintiffs have acted in bad faith in connection with the acts and events alleged in the

4 Complaint, and this bad faith extinguished any relief sought in any of the Plaintiffs' alleged

5 causes of action.

6

**TWELFTH AFFIRMATIVE DEFENSE**
(Prematurity)

7

8      The Complaint is premature to the extent that it seeks a determination as to the

9 Plaintiffs' duty to indemnify the Trust Defendants as to pending litigation.  Plaintiffs' Complaint

10 is therefore barred in whole or in part because its adjudication would operate to prejudice the

11 interests of the Trust Defendants in the Underlying Actions.

12

**THIRTEENTH AFFIRMATIVE DEFENSE**
(Accord & Satisfaction)

13

14     Plaintiffs' Complaint is barred, in whole or part, by the equitable doctrine of accord and

15 satisfaction.

16

**FOURTEENTH AFFIRMATIVE DEFENSE**
(Additional Affirmative Defenses)

17

18     These answering Defendants presently have insufficient knowledge or information upon

19 which to form a belief as to whether they may have additional, as yet unstated, affirmative

20 defenses available.   Accordingly, these answering Defendants reserve the right to assert

21 additional affirmative defenses in the event discovery indicates that they would be appropriate.

22 ...

23 ...

24 ...

25 ...

26 ...

27 ...

## PRAYER FOR RELIEF

1

2     Wherefore, Trust Defendants and MSLLC pray that Plaintiffs take nothing by their

3   Complaint herein, that Trust Defendants and MSLLC be awarded their costs of suit and for

4   such other and further relief as the Court deems just and proper.

5     Dated: Friday, March 29, 2013.

6                                        LAW OFFICES OF STEVEN J. PARSONS

7                                        /s/ Steven J. Parsons
                                         **STEVEN J. PARSONS**
8                                        Nevada Bar No. 363

9                                        Attorney for Defendants
                                         **THE HERMAN KISHNER TRUST; IRWIN KISHNER**,
10                                       as Trustee for the Herman Kishner Trust; **JERRY**
                                         **ENGEL**, as Trustee for the Herman Kishner Trust;
11                                       **BANK OF AMERICA, N.A.**, as Trustee for the
                                         Herman Kishner Trust; **MARYLAND SQUARE**
12                                       **SHOPPING CENTER, LLC; MARYLAND SQUARE,**
                                         **LLC**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27