THEODORE J. KURTZ (SBN 1344)
SELMAN BREITMAN LLP
3993 Howard Hughes Pkwy, Suite 200
Las Vegas, NV  89169
Telephone:  (702) 228-7717
Facsimile:  (702) 228-8824
E-mail:    tkurtz@selmanbreitman.com

Attorneys for Defendant
CONTINENTAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| HARTFORD FIRE INSURANCE COMPANY, a Connecticut corporation; and HARTFORD ACCIDENT AND INDEMNITY COMPANY, a Connecticut corporation,<br><br>            Plaintiffs,<br><br>      v.<br><br>PACIFIC EMPLOYERS INSURANCE COMPANY; THE AMERICAN INSURANCE COMPANY; UNITED STATES LIABILITY INSURANCE COMPANY; THE CONTINENTAL INSURANCE COMPANY; GRANITE STATE INSURANCE COMPANY; THE HERMAN KISHNER TRUST; IRWIN KISHNER, as Trustee for the Herman Kishner Trust; JERRY ENGEL, as Trustee for the Herman Kishner Trust; BANK OF AMERICA, N.A., as Trustee for the Herman Kishner Trust; MARYLAND SQUARE SHOPPING CENTER LIMITED LIABILITY COMPANY; MARYLAND SQUARE, LLC; MELVIN SHAPIRO; and SHAPIRO BROS INVESTMENT CORP.,<br><br>            Defendants.<br><br>THE CONTINENTAL INSURANCE COMPANY,<br><br>            Counter-Claimant/ | CASE NO.  2:13-cv-00055-MMD-PAL<br><br>**DEFENDANT CONTINENTAL INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT AND REIMBURSEMENT, AND CONTINENTAL INSURANCE COMPANY'S COUNTERCLAIM AND CROSS-CLAIMS FOR DECLARATORY JUDGMENT AND REIMBURSEMENT**<br><br>**JURY DEMAND** |

Selman Breitman LLP
ATTORNEYS AT LAW

1

1          Cross-Complainant,

2      v.

3  HARTFORD FIRE INSURANCE COMPANY;
   and HARTFORD ACCIDENT AND
4  INDEMNITY COMPANY,

5          Counter-Defendants,

6  PACIFIC EMPLOYERS INSURANCE
   COMPANY; THE AMERICAN INSURANCE
7  COMPANY; UNITED STATES LIABILITY
   INSURANCE COMPANY; GRANITE STATE
8  INSURANCE COMPANY; THE HERMAN
   KISHNER TRUST; IRWIN KISHNER, as
9  Trustee for the Herman Kishner
   Trust; JERRY ENGEL, as Trustee
10 for the Herman Kishner Trust;
   BANK OF AMERICA, N.A., as
11 Trustee for the Herman Kishner
   Trust; MARYLAND SQUARE SHOPPING
12 CENTER LIMITED LIABILITY
   COMPANY; MARYLAND SQUARE, LLC;
13 MELVIN SHAPIRO; SHAPIRO BROS
   INVESTMENT CORP.; ESTATE OF
14 PHILIP SHAPIRO; and AL PHILLIPS
   THE CLEANER,
15
           Cross-Defendants.
16

17

18      COMES NOW Continental Insurance Company (hereinafter

19 "Continental"), by and through its undersigned counsel, and for

20 its Answer and Affirmative Defenses to the Complaint for

21 Declaratory Judgment and Reimbursement ("Complaint") of

22 Plaintiffs Hartford Fire Insurance Company and Hartford Accident

23 and Indemnity Company (collectively "Hartford"), states as

24 follows:

25              **RESPONSE TO NATURE OF THE CLAIM**

26      1.   In response to Paragraph 1 of Hartford's Complaint,

27 Continental states that this paragraph consists of a

28 characterization of the action, to which no response is required.

                              2

Selman Breitman LLP
ATTORNEYS AT LAW

To the extent a response is deemed necessary, Continental lacks knowledge or information sufficient to admit or deny whether Hartford is entitled to the relief it is seeking, and therefore, denies the allegations contained in this paragraph.

2.    In response to Paragraph 2 of Hartford's Complaint, Continental states that this paragraph consists of a characterization of the action, to which no response is required. To the extent a response is deemed necessary, Continental lacks knowledge or information sufficient to admit or deny whether Hartford is entitled to the relief it is seeking, and therefore, denies the allegations contained in this paragraph.

3.    In response to Paragraph 3 of Hartford's Complaint, Continental states that this paragraph consists of a characterization of the action, to which no response is required. To the extent a response is deemed necessary, Continental denies that Hartford is entitled to the relief it seeks from Continental.  Continental lacks knowledge or information sufficient to admit or deny whether Hartford is entitled to the relief it is seeking from the remaining Defendants, and therefore, denies the allegations contained in this paragraph.

4.    In response to Paragraph 4 of Hartford's Complaint, Continental states that this paragraph consists of a characterization of the action, to which no response is required. To the extent a response is deemed necessary, Continental denies that Hartford is entitled to the relief it seeks from Continental.  Continental lacks knowledge or information sufficient to admit or deny whether Hartford is entitled to the relief it is seeking from the remaining Defendants, and

3

1   therefore, denies the allegations contained in this paragraph.

2   ## RESPONSE TO THE PARTIES

3   5.    In response to Paragraph 5 of Hartford's Complaint,

4   Continental admits upon information and belief that Plaintiff

5   Hartford Fire Insurance Company ("Hartford Fire") is an insurance

6   company organized and existing under the laws of the state of

7   Connecticut with its principal place of business in the state of

8   Connecticut.

9   6.    In response to Paragraph 6 of Hartford's Complaint,

10   Continental admits upon information and belief that Plaintiff

11   Hartford Accident and Indemnity Company ("Hartford Accident") is

12   an insurance company organized and existing under the laws of the

13   state of Connecticut with its principal place of business in the

14   state of Connecticut.

15   7.    In response to Paragraph 7 of Hartford's Complaint,

16   Continental admits upon information and belief that Defendant

17   Pacific Employers Insurance Company ("PEIC") is an insurance

18   company organized and existing under the laws of the state of

19   Pennsylvania with its principal place of business in the state of

20   Pennsylvania.

21   8.    In response to Paragraph 8 of Hartford's Complaint,

22   Continental admits upon information and belief that Defendant

23   American Insurance Company ("American") is an insurance company

24   organized and existing under the laws of the state of Ohio with

25   its principal place of business in the state of California.

26   9.    In response to Paragraph 9 of Hartford's Complaint,

27   Continental admits upon information and belief that Defendant

28   United States Liability Insurance Company ("USLIC") is an

Selman Breitman LLP
ATTORNEYS AT LAW

4

insurance company organized and existing under the laws of the state of Pennsylvania with its principal place of business in the state of Pennsylvania.

10.   In response to Paragraph 10 of Hartford's Complaint, Continental admits that it is a corporation organized and existing under the laws of Pennsylvania with its principal place of business located in the State of Illinois.

11.   In response to Paragraph 11 of Hartford's Complaint, Continental admits upon information and belief that Defendant Granite State Insurance Company ("Granite State") is an insurance company organized and existing under the laws of the state of Pennsylvania with its principal place of business in the state of New York.

12.   In response to Paragraph 12 of Hartford's Complaint, Continental states that this paragraph contains plaintiff's characterization of the action to which no response by Continental is required.

13.   In response to Paragraph 13 of Hartford's Complaint, Continental admits upon information and belief that Defendant The Herman Kishner Trust ("Kishner Trust") is a private trust created and administered under the laws of the state of Nevada.

14.   In response to Paragraph 14 of Hartford's Complaint, Continental admits upon information and belief that Defendant Irwin Kishner is a Trustee of the Kishner Trust and is a citizen of the state of Nevada.

15.   In response to Paragraph 15 of Hartford's Complaint, Continental admits upon information and belief that Defendant Jerry Engel is a Trustee of the Kishner Trust and is a citizen of

Selman Breitman LLP
ATTORNEYS AT LAW

87227.1  454.34528

20379613v1

the state of Nevada.

16.   In response to Paragraph 16 of Hartford's Complaint, Continental admits upon information and belief that Defendant Bank of America, N.A. ("Bank of America") is a Trustee of the Kishner Trust and is a national banking association organized and existing under the laws of the United States of America and is located for purposes of 28 U.S.C. Section 1348 in the State of North Carolina.

17.   In response to Paragraph 17 of Hartford's Complaint, Continental admits upon information and belief that Defendant Maryland Square Shopping Center Limited Liability Company ("MSSC") is a Nevada limited liability company.  Continental lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph, and therefore, denies all remaining allegations.

18.   In response to Paragraph 18 of Hartford's Complaint, Continental states that the allegations contained in this paragraph are not directed to Continental, and no response by Continental is required.

19.   In response to Paragraph 19 of Hartford's Complaint, Continental admits upon information and belief that Defendant Maryland Square, LLC ("Maryland Square") is a Nevada limited liability company.  Continental lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph, and therefore, denies all remaining allegations.

20.   In response to Paragraph 20 of Hartford's Complaint, Continental admits upon information and belief that Defendant

Selman Breitman LLP
ATTORNEYS AT LAW

6

20379613v1

Melvin Shapiro is a citizen of the state of Nevada.  Continental lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph, and therefore, denies all remaining allegations.

21.   In response to Paragraph 21 of Hartford's Complaint, Continental admits upon information and belief that Defendant Shapiro Bros. Investment Corp. ("SBIC") was a corporation formed under the laws of the State of Nevada in or about 1972 that dissolved in or about 1984 and that SBIC conducted business under the fictitious names "Al Phillips The Cleaner" and/or "Al Phillips The Cleaner, Inc." in the state of Nevada.  Continental lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph, and therefore, denies the remaining allegations.

22.   In response to Paragraph 22 of Hartford's Complaint, Continental states that the allegations contained in this paragraph are not directed to Continental, and no response by Continental is required.

## **RESPONSE TO JURISDICTION AND VENUE**

23.   In response to Paragraph 23 of Hartford's Complaint, Continental states that the allegations contained in this paragraph are conclusions of law to which no response by Continental is required.  To the extent a response is deemed necessary, Continental lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph, and therefore, denies the allegations.

24.   In response to Paragraph 24 of Hartford's Complaint, Continental states that the allegations contained in this

7

20379613v1

1   paragraph are conclusions of law to which no response by

2   Continental is required.  To the extent a response is deemed

3   necessary, Continental lacks knowledge or information sufficient

4   to admit or deny the allegations contained in this paragraph, and

5   therefore, denies the allegations.

### RESPONSE TO FACTUAL BACKGROUND

7   A.   The Underlying Actions

8   25.   In response to Paragraph 25 of Hartford's Complaint,

9   Continental only admits upon information and belief that SBIC

10  operated a dry-cleaning business in Las Vegas, Nevada on property

11  located at 3661 South Maryland Parkway or 3659 South Maryland

12  Parkway (the "Property") for some period between 1968 and 1984.

13  Continental lacks knowledge or information sufficient to admit or

14  deny the remaining allegations contained in this paragraph, and

15  therefore, denies the remaining allegations.

16  26.   In response to Paragraph 26 of Hartford's Complaint,

17  Continental admits upon information and belief the allegations

18  contained in this paragraph.

19  27.   In response to Paragraph 27 of Hartford's Complaint,

20  Continental states that Continental lacks knowledge or

21  information sufficient to admit or deny the allegations contained

22  in this paragraph, and therefore, denies the allegations.

23  28.   In response to Paragraph 28 of Hartford's Complaint,

24  Continental states that Continental lacks knowledge or

25  information sufficient to admit or deny the allegations contained

26  in this paragraph, and therefore, denies the allegations.

27  29.   In response to Paragraph 29 of Hartford's Complaint,

28  Continental admits that on or about December 21, 2007 a class

Selman Breitman LLP
ATTORNEYS AT LAW

87227.1 454.34528

20379613v1

action lawsuit titled *Voggenthaler, et al. v. Maryland Square, LLC, et al.*, Case No 07-A-553784 was filed in the Eighth Judicial District Court, Clark County Nevada (the "State Court Action"). Continental denies the remaining allegations and refers the Court to the complaint in the State Court Action for a full and complete statement of its terms.

30.   In response to Paragraph 30 of Hartford's Complaint, Continental admits the allegations contained in this paragraph.

31.   In response to Paragraph 31 of Hartford's Complaint, Continental admits that on or about November 19, 2008 a lawsuit titled *Voggenthaler, et al. v. Maryland Square, LLC, et al.*, Case No, 2:08-cv-1618-LDG-GWF was filed in the United States District Court, District of Nevada (the "Federal Court Action"). Continental denies the remaining allegations and refers the Court to the complaint in the Federal Court Action for a full and complete statement of its terms.

32.   In response to Paragraph 32 of Hartford's Complaint, Continental admits that on or about May 9, 2009 the State of Nevada, Department of Conservation and Natural Resources, Division of Environmental Protection, Bureau of Corrective Actions ("NDEP") filed a lawsuit titled *State of Nevada, Department of Conservation and Natural Resources, Division of Environmental Protection, Bureau of Corrective Actions v. Maryland Square Shopping Center, LLC, et al.*, Case No, 3:09-cv-00231-BES-VPC, in the United States District Court, District of Nevada (the "NDEP Action") and that the Federal Court Action and the NDEP Action were consolidated on July 22, 2010.  Continental denies the remaining allegations and refers the court to the

9

20379613v1

1  complaint in the NDEP Action for a full and complete statement of
2  its terms.

3      33.  In response to Paragraph 33 of Hartford's Complaint,
4  Continental states that the allegations contained in this
5  paragraph are not directed to Continental, and no response by
6  Continental is required.

7      B.   The Hartford Primary Policies

8      34.  In response to Paragraph 34 of Hartford's Complaint,
9  Continental admits upon information and belief the allegations
10  contained in this paragraph.

11     35.  In response to Paragraph 35 of Hartford's Complaint,
12  Continental admits upon information and belief the allegations
13  contained in this paragraph.

14     36.  In response to Paragraph 36 of Hartford's Complaint,
15  Continental states that the allegations contained in this
16  paragraph are not directed to Continental, and no response by
17  Continental is required.

18     37.  In response to Paragraph 37 of Hartford's Complaint,
19  Continental states that Continental lacks knowledge or
20  information sufficient to admit or deny the allegations contained
21  in this paragraph, and therefore, denies the allegations.

22     38.  In response to Paragraph 38 of Hartford's Complaint,
23  Continental states that the Hartford Primary Policies speak for
24  themselves and refers the Court to the Hartford Primary Policies
25  for a full and complete statement of their terms.

26     39.  In response to Paragraph 39 of Hartford's Complaint,
27  Continental states that the Hartford Primary Policies speak for
28  themselves and refers the Court to the Hartford Primary Policies

Selman Breitman LLP
ATTORNEYS AT LAW

87227.1 454.34528

20379613v1

1  for a full and complete statement of their terms.

2      40.   In response to Paragraph 40 of Hartford's Complaint,

3  Continental states that the Hartford Primary Policies speak for

4  themselves and refers the Court to the Hartford Primary Policies

5  for a full and complete statement of their terms.

6      41.   In response to Paragraph 41 of Hartford's Complaint,

7  Continental states that the Hartford Primary Policies speak for

8  themselves and refers the Court to the Hartford Primary Policies

9  for a full and complete statement of their terms.

10     42.   In response to Paragraph 42 of Hartford's Complaint,

11  Continental states that the Hartford Primary Policies speak for

12  themselves and refers the Court to the Hartford Primary Policies

13  for a full and complete statement of their terms.

14     C.    The Hartford Umbrella Policies

15     43.   In response to Paragraph 43 of Hartford's Complaint,

16  Continental admits upon information and belief the allegations

17  contained in this paragraph.

18     44.   In response to Paragraph 44 of Hartford's Complaint,

19  Continental states that the allegations contained in this

20  paragraph are not directed to Continental, and no response by

21  Continental is required.

22     45.   In response to Paragraph 45 of Hartford's Complaint,

23  Continental states that Continental lacks knowledge or

24  information sufficient to admit or deny the allegations contained

25  in this paragraph, and therefore, denies the allegations.

26     46.   In response to Paragraph 46 of Hartford's Complaint,

27  Continental states that the Hartford Umbrella Policies speak for

28  themselves and refers the Court to the Hartford Umbrella Policies

Selman Breitman LLP
ATTORNEYS AT LAW

11

20379613v1

1    for a full and complete statement of their terms.

2         47.   In response to Paragraph 47 of Hartford's Complaint,

3    Continental states that the Hartford Umbrella Policies speak for

4    themselves and refers the Court to the Hartford Umbrella Policies

5    for a full and complete statement of their terms.

6         48.   In response to Paragraph 48 of Hartford's Complaint,

7    Continental states that the Hartford Umbrella Policies speak for

8    themselves and refers the Court to the Hartford Umbrella Policies

9    for a full and complete statement of their terms.

10        49.   In response to Paragraph 49 of Hartford's Complaint,

11   Continental states that the Hartford Umbrella Policies speak for

12   themselves and refers the Court to the Hartford Umbrella Policies

13   for a full and complete statement of their terms.

14        50.   In response to Paragraph 50 of Hartford's Complaint,

15   Continental states that the Hartford Umbrella Policies speak for

16   themselves and refers the Court to the Hartford Umbrella Policies

17   for a full and complete statement of their terms.

18        D.    The Other Insurers' Policies

19        51.   In response to Paragraph 51 of Hartford's Complaint,

20   Continental admits upon information and belief that PEIC issued

21   primary insurance policies to "Shapiro Brothers Investment Corp.

22   dba Al Phillips The Cleaner" bearing the policy number alleged in

23   this paragraph for the policy periods alleged in this paragraph.

24   Continental further states that it lacks knowledge or information

25   sufficient to admit or deny the remaining allegations contained

26   in this paragraph, and therefore, denies the allegations.

27        52.   In response to Paragraph 52 of Hartford's Complaint,

28   Continental admits upon information and belief that American

12

Selman Breitman LLP
ATTORNEYS AT LAW

issued primary insurance policies to "Al Philips The Cleaner, Inc." bearing the policy numbers alleged in this paragraph for the policy periods alleged in this paragraph.  Continental further states that it lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph, and therefore, denies the allegations.

53.   In response to Paragraph 53 of Hartford's Complaint, Continental admits upon information and belief that USLIC issued a primary insurance policy to "Valley Bank of Nevada, Irwin Kishner and Jerry Engel, as Co-Trustees of The Herman Kishner Trust and as Co-Executors of the Estate of Herman Kishner, Deceased" bearing the policy number alleged in this paragraph for the policy period alleged in this paragraph.  Continental further states that it lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph, and therefore, denies the allegations.

54.   In response to Paragraph 54 of Hartford's Complaint, Continental only admits that it issued a primary insurance policy to "Shapiro Brothers Investments DBA:  Al Phillips The Cleaner" bearing policy number CBP 1065585 for the policy period August 1, 1984 to August 1, 1985 and that it is possession of a copy of the policy.  Continental denies the remaining allegations.

55.   In response to Paragraph 55 of Hartford's Complaint, Continental admits upon information and belief that Granite State issued primary insurance policies to "Valley Bank of Nevada, Irwin Kishner and Jerry Engel, as Co-Trustees of The Herman Kishner Trust and as Executors of the Estate of Herman Kishner, Deceased" bearing the policy numbers alleged in this paragraph

87227-1  454.34528

20379613v1

for the policy periods alleged in this paragraph.  Continental further states that it lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph, and therefore, denies the allegations.

56.  In response to Paragraph 56 of Hartford's Complaint, Continental admits upon information and belief that Granite State issued a primary insurance policy to "Al Phillips the Cleaner, Inc." bearing the policy number alleged in this paragraph. Continental further states that it lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph, and therefore, denies the allegations.

## COUNT I

### Declaratory Judgment Against The Shapiro Defendants, The Trust Defendants and Maryland Square

57.  In response to Paragraph 57 of Hartford's Complaint, Continental states that Continental's responses to paragraphs 1 through 56 are incorporated herein.

58.  In response to Paragraph 58 of Hartford's Complaint, Continental states that the pleadings in the Underlying Actions speak for themselves and refers the Court to the pleadings for a full statement of their terms.

59.  In response to Paragraph 59 of Hartford's Complaint, Continental states that the allegations contained in this paragraph are conclusions of law to which no response by Continental is required.  To the extent a response is deemed necessary, Continental lacks knowledge or information sufficient to admit or deny whether Hartford has any obligation to provide coverage for the Underlying Actions, and therefore, denies the

14

1    allegations.

2         60.   In response to Paragraph 60 of Hartford's Complaint,

3    Continental states that the allegations contained in this

4    paragraph are conclusions of law to which no response by

5    Continental is required.   To the extent a response is deemed

6    necessary, Continental lacks knowledge or information sufficient

7    to admit or deny whether Hartford has any obligation to provide

8    coverage for the Underlying Actions, and therefore, denies the

9    allegations.

10        61.   In response to Paragraph 61 of Hartford's Complaint,

11   Continental states that the allegations contained in this

12   paragraph are conclusions of law to which no response by

13   Continental is required.   To the extent a response is deemed

14   necessary, Continental lacks knowledge or information sufficient

15   to admit or deny whether Hartford has any obligation to provide

16   coverage for the Underlying Actions, and therefore, denies the

17   allegations.

18        62.   In response to Paragraph 62 of Hartford's Complaint,

19   Continental states that the allegations contained in this

20   paragraph are conclusions of law to which no response by

21   Continental is required.   To the extent a response is deemed

22   necessary, Continental lacks knowledge or information sufficient

23   to admit or deny whether Hartford has any obligation to provide

24   coverage for the Underlying Actions, and therefore, denies the

25   allegations.

26        63.   In response to Paragraph 63 of Hartford's Complaint,

27   Continental states that the allegations contained in this

28   paragraph are conclusions of law to which no response by

Selman Breitman LLP
ATTORNEYS AT LAW

87227.1  454.34528        20379613v1

1   Continental is required.  To the extent a response is deemed
2   necessary, Continental lacks knowledge or information sufficient
3   to admit or deny whether Hartford has any obligation to provide
4   coverage for the Underlying Actions, and therefore, denies the
5   allegations.

6       64.   In response to Paragraph 64 of Hartford's Complaint,
7   Continental states that the allegations contained in this
8   paragraph are conclusions of law to which no response by
9   Continental is required.  To the extent a response is deemed
10  necessary, Continental lacks knowledge or information sufficient
11  to admit or deny whether Hartford has any obligation to provide
12  coverage for the Underlying Actions, and therefore, denies the
13  allegations.

14      65.   In response to Paragraph 65 of Hartford's Complaint,
15  Continental states that the allegations contained in this
16  paragraph are conclusions of law to which no response by
17  Continental is required.  To the extent a response is deemed
18  necessary, Continental lacks knowledge or information sufficient
19  to admit or deny whether Hartford has any obligation to provide
20  coverage for the Underlying Actions, and therefore, denies the
21  allegations.

22      66.   In response to Paragraph 66 of Hartford's Complaint,
23  Continental states that the allegations contained in this
24  paragraph are conclusions of law to which no response by
25  Continental is required.  To the extent a response is deemed
26  necessary, Continental lacks knowledge or information sufficient
27  to admit or deny whether Hartford has any obligation to provide
28  coverage for the Underlying Actions, and therefore, denies the

Selman Breitman LLP
ATTORNEYS AT LAW

16

20379613v1

1   allegations.

2       67.   In response to Paragraph 67 of Hartford's Complaint,

3   Continental states that the allegations contained in this

4   paragraph are conclusions of law to which no response by

5   Continental is required.   To the extent a response is deemed

6   necessary, Continental lacks knowledge or information sufficient

7   to admit or deny the allegations contained in this paragraph, and

8   therefore, denies the allegations.

9       In response to the unnumbered WHEREFORE paragraph,

10  Continental states that Continental is not a defendant on Count

11  I, and no response by Continental is required.   To the extent a

12  response is deemed necessary, Continental denies that any

13  judgment may be entered against Continental on Count I.

14  Continental further states it lacks knowledge or information

15  sufficient to admit or deny the allegations as to whether

16  Hartford is entitled to the relief it seeks against other

17  Defendants, and therefore, denies the allegations.   Continental

18  denies any other allegations contained in this unnumbered

19  paragraph.

20              **COUNT II**

21  **Declaratory Judgment Against Maryland Square**

22      68.   In response to Paragraph 68 of Hartford's Complaint,

23  Continental states that Continental's responses to paragraphs 1

24  through 67 are incorporated herein.

25      69.   In response to Paragraph 69 of Hartford's Complaint,

26  Continental states that the Hartford Primary Policies and

27  Hartford Umbrella Policies speak for themselves and refers the

28  Court to the Hartford Primary Policies and the Hartford Umbrella

Selman Breitman LLP
ATTORNEYS AT LAW

17

1    Policies for a full and complete statement of their terms.

2        70.   In response to Paragraph 70 of Hartford's Complaint,

3    Continental states that the Hartford Umbrella Policies speak for

4    themselves and refers the Court to the Hartford Umbrella Policies

5    for a full and complete statement of their terms.

6        71.   In response to Paragraph 71 of Hartford's Complaint,

7    Continental states that Continental lacks knowledge or

8    information sufficient to admit or deny the allegations contained

9    in this paragraph, and therefore, denies the allegations.

10       72.   In response to Paragraph 72 of Hartford's Complaint,

11   Continental states that Continental lacks knowledge or

12   information sufficient to admit or deny the allegations contained

13   in this paragraph, and therefore, denies the allegations.

14       73.   In response to Paragraph 73 of Hartford's Complaint,

15   Continental states that the Hartford Primary Policies and

16   Hartford Umbrella Policies speak for themselves and refers the

17   Court to the Hartford Primary Policies and the Hartford Umbrella

18   Policies for a full and complete statement of their terms.

19       74.   In response to Paragraph 74 of Hartford's Complaint,

20   Continental states that the Hartford Primary Policies and

21   Hartford Umbrella Policies speak for themselves and refers the

22   Court to the Hartford Primary Policies and the Hartford Umbrella

23   Policies for a full and complete statement of their terms.

24   Continental lacks knowledge or information sufficient to admit or

25   deny the remaining allegations contained in this paragraph, and

26   therefore, denies the allegations.

27       75.   In response to Paragraph 75 of Hartford's Complaint,

28   Continental states that the allegations contained in this

Selman Breitman LLP
ATTORNEYS AT LAW

87227 1  454 34528

20379613v1

1  paragraph are conclusions of law to which no response by

2  Continental is required.  To the extent a response is deemed

3  necessary, Continental lacks knowledge or information sufficient

4  to admit or deny the allegations contained in this paragraph, and

5  therefore, denies the allegations.

6       In response to the unnumbered WHEREFORE paragraph,

7  Continental states that Continental is not a defendant on Count

8  II, and no response by Continental is required.  To the extent a

9  response is deemed necessary, Continental denies that any

10  judgment may be entered against Continental on Count II.

11  Continental further states it lacks knowledge or information

12  sufficient to admit or deny the allegations as to whether

13  Hartford is entitled to the relief it seeks against other

14  Defendants, and therefore, denies the allegations.  Continental

15  denies any other allegations contained in this unnumbered

16  paragraph.

17                    **COUNT III**

18  **Claim for Reimbursement Against the Shapiro Defendants**

19       76.  In response to Paragraph 76 of Hartford's Complaint,

20  Continental states that Continental's responses to paragraphs 1

21  through 75 are incorporated herein.

22       77.  In response to Paragraph 77 of Hartford's Complaint,

23  Continental states that Continental lacks knowledge or

24  information sufficient to admit or deny the allegations contained

25  in this paragraph, and therefore, denies the allegations.

26       78.  In response to Paragraph 78 of Hartford's Complaint,

27  Continental states that Continental lacks knowledge or

28  information sufficient to admit or deny the allegations contained

Selman Breitman LLP
ATTORNEYS AT LAW

19

1   in this paragraph, and therefore, denies the allegations.

2        79.   In response to Paragraph 79 of Hartford's Complaint,

3   Continental admits that Hartford seeks equitable reimbursement

4   from the Shapiro Defendants for all monies paid by Hartford

5   toward the defense of the Underlying Actions.   Continental

6   further states that it lacks knowledge or information sufficient

7   to admit or deny the allegations as to whether Hartford is

8   entitled to the relief it seeks, and therefore, denies the

9   allegations.

10       In response to the unnumbered WHEREFORE paragraph,

11  Continental states that Continental is not a defendant on Count

12  III, and no response by Continental is required.   To the extent a

13  response is deemed necessary, Continental denies that any

14  judgment may be entered against Continental on Count III.

15  Continental further states it lacks knowledge or information

16  sufficient to admit or deny the allegations as to whether

17  Hartford is entitled to the relief it seeks against other

18  Defendants, and therefore, denies the allegations.   Continental

19  denies any other allegations contained in this unnumbered

20  paragraph.

21                          **COUNT IV**

22      **Claim for Reimbursement Against the Trust Defendants**

23       80.   In response to Paragraph 80 of Hartford's Complaint,

24  Continental states that Continental's responses to paragraphs 1

25  through 79 are incorporated herein.

26       81.   In response to Paragraph 81 of Hartford's Complaint,

27  Continental states that Continental lacks knowledge or

28  information sufficient to admit or deny the allegations contained

20

20379613v1

1     in this paragraph, and therefore, denies the allegations.

2          82.   In response to Paragraph 82 of Hartford's Complaint,

3     Continental states that Continental lacks knowledge or

4     information sufficient to admit or deny the allegations contained

5     in this paragraph, and therefore, denies the allegations.

6          83.   In response to Paragraph 83 of Hartford's Complaint,

7     Continental admits that Hartford seeks equitable reimbursement

8     from the Trust Defendants for all monies paid by Hartford toward

9     the defense of the Underlying Actions and all indemnification

10    paid by the Trust Defendants to Maryland Square.  Continental

11    further states that it lacks knowledge or information sufficient

12    to admit or deny the allegations as to whether Hartford is

13    entitled to the relief it seeks, and therefore, denies the

14    allegations.

15         In response to the unnumbered WHEREFORE paragraph,

16    Continental states that Continental is not a defendant on Count

17    IV, and no response by Continental is required.  To the extent a

18    response is deemed necessary, Continental denies that any

19    judgment may be entered against Continental on Count IV.

20    Continental further states it lacks knowledge or information

21    sufficient to admit or deny the allegations as to whether

22    Hartford is entitled to the relief it seeks against other

23    Defendants, and therefore, denies the allegations.  Continental

24    denies any other allegations contained in this unnumbered

25    paragraph.

26                              **COUNT VI**

27       **Claim for Reimbursement Against Other Insurers**

28         84.   In response to Paragraph 84 of Hartford's Complaint,

Selman Breitman LLP
ATTORNEYS AT LAW

87227.1  454.34528

20379613v1

Continental states that Continental's responses to paragraphs 1 through 83 are incorporated herein.

85.   In response to Paragraph 85 of Hartford's Complaint, Continental states that Continental lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph, and therefore, denies the allegations.

86.   In response to Paragraph 86 of Hartford's Complaint, Continental denies that Hartford is entitled to the relief it seeks in this paragraph from Continental.  Continental further states that it lacks knowledge or information sufficient to admit or deny the allegations as to whether Hartford is entitled to the relief it seeks in this paragraph from other insurer Defendants, and therefore, denies the allegations.  Continental denies any other allegations contained in this paragraph.

In response to the unnumbered WHEREFORE paragraph, Continental denies that Hartford is entitled to the relief it seeks, or any other relief whatsoever, from Continental on the Count VI.  Continental further states that it lacks knowledge or information sufficient to admit or deny the allegations as to whether Hartford is entitled to the relief it seeks from other insurer Defendants, and therefore, denies the allegations. Continental denies any other allegations contained in this paragraph.

## COUNT VII

**Alternative Claim For Declaratory Relief Against the Other Insurers, Trust Defendants and Shapiro Defendants**

87.   In response to Paragraph 87 of Hartford's Complaint, Continental states that Continental's responses to paragraphs 1

20379613v1

87227.1  454 34528

1  through 86 are incorporated herein.

2      88.  In response to Paragraph 88 of Hartford's Complaint,

3  Continental denies that Hartford is entitled to the relief it

4  seeks in this paragraph from Continental.  Continental further

5  states that it lacks knowledge or information sufficient to admit

6  or deny the allegations as to whether Hartford is entitled to the

7  relief it seeks in this paragraph from other insurer Defendants,

8  and therefore, denies the allegations.  Continental denies any

9  other allegations contained in this paragraph.

10      89.  In response to Paragraph 89 of Hartford's Complaint,

11  Continental states that to the extent the allegations in this

12  paragraph are directed to Continental, Continental denies the

13  allegations.  To the extent that the allegations are directed to

14  other insurer Defendants, Continental lacks knowledge or

15  information sufficient to admit or deny the allegations, and

16  therefore, denies the allegations.  Continental denies any other

17  allegations contained in this paragraph.

18      In response to the unnumbered WHEREFORE paragraph,

19  Continental denies that Hartford is entitled to the relief it

20  seeks, or any other relief whatsoever, from Continental on Count

21  VII.  Continental further states that it lacks knowledge or

22  information sufficient to admit or deny the allegations as to

23  whether Hartford is entitled to the relief it seeks against other

24  insurer Defendants, and therefore, denies the allegations.

25  Continental denies any other allegations contained in this

26  unnumbered paragraph.

27      Continental denies any allegation not otherwise hereinbefore

28  answered.

Selman Breitman LLP
ATTORNEYS AT LAW

23

**AFFIRMATIVE DEFENSES**

The Affirmative Defenses set forth herein are based on information presently known to Continental.  Continental's investigation continues, and Continental reserves the right to assert additional affirmative defenses in the future.  Continental sets forth the following matters in order to apprise Plaintiffs of certain potentially applicable defenses.  By listing any matter as a defense, Continental does not assume the burden of proving any matter upon which Plaintiffs bear the burden of proof under applicable law.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs fail to state a claim upon which relief may be granted against Continental.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent they fail to allege a ripe and judiciable controversy with Continental.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent their claims against Continental were not filed within the applicable statute of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that any relief they seek is unreasonable or unnecessary.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that they seek to recover defense or indemnity payments they were not legally obligated to pay.

24

Selman Breitman LLP
ATTORNEYS AT LAW

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims may be barred, in whole or in part, by the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims may be barred, in whole or in part, by the doctrines of estoppel, waiver, and unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent they failed to take reasonable measures to mitigate, minimize, or avoid damages.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims may be barred, in whole or in part, because Continental is entitled to enforce the "other insurance" clauses of the Continental Policy.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff' claims are barred to the extent that coverage for the Underlying Actions was released under the Continental Policy under any prior settlement agreements.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that coverage for the Underlying Actions is barred, in whole or in part, by the terms, conditions, limitations and exclusions of the Continental Policy.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred to the extent that Continental has no defense or indemnity obligations for the Underlying Actions under Continental Policy.

25

20379613v1

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that the limits of the Continental Policy have been exhausted or impaired by the payment of prior claims.

**FOURTEENTH AFFIRMATIVE DEFENSE**

To the extent that Continental is determined to have any obligation for the Underlying Actions, any such obligation may limited to the policy period August 1, 1984 to August 31, 1984 under the Continental Policy.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, for the Underlying Actions to the extent that some or all of the Shapiro Defendants, Trust Defendants and/or Maryland Square do not qualify as insured under the Continental Policy.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, for the Underlying Actions to the extent that injury or damage arose out of hazards, conditions, risks, losses or losses in progress that were known and/or should have been known by the insured prior to the effective date of the Continental Policy.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, for the Underlying Actions to the extent that one or more of the conditions of the Continental Policy was not been complied with and/or has been breached, including but not limited to any notice conditions, assistance and/or cooperation conditions, and/or prohibition against voluntary payment conditions contained in the policies.

87227 1  454.34528

20379613v1

Selman Breitman LLP
ATTORNEYS AT LAW

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, for the Underlying Actions to the extent that any condition set forth in any loss payable clause in the Continental Policy is not satisfied.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, for the Underlying Actions to the extent that they involve fines, penalties, or punitive or exemplary damages.  In addition to being barred by the terms of the Continental Policy, coverage for such punitive damages or fines may be against applicable law or public policy.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, for the Underlying Actions to the extent loss arises out of the willful violation of a penal statute or ordinance committed by, or with the consent of, the insured.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, for the Underlying Actions to the extent that the claims do not allege "bodily injury," "personal injury" or "property damage" within the meaning of the Continental Policy.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, for the Underlying Actions to the extent that the claims do not allege damages because of "bodily injury," "personal injury" or "property damage" within the meaning of the Continental Policy.

27

1

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

2    Plaintiffs' claims are barred, in whole or in part, for the

3  Underlying Actions to the extent that the claims do not allege an

4  "accident" or "occurrence" within the meaning of the Continental

5  Policy.

6

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

7    Plaintiffs' claims are barred, in whole or in part, for the

8  Underlying Actions to the extent that any alleged bodily injury,

9  personal injury or property damage did not take place during the

10  policy period of the Continental Policy.

11

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

12    Plaintiffs' claims are barred, in whole or in part, for the

13  Underlying Actions to the extent that any bodily injury, personal

14  injury or property damage was expected or intended from the

15  standpoint of the insured.

16

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

17    Plaintiffs' claims are barred, in whole or in part, for the

18  Underlying Actions based on the Continental Policy's pollution

19  exclusion.

20

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

21    Plaintiffs' claims are barred, in whole or in part, for the

22  Underlying Actions based on the Continental Policy's exclusions

23  for property damage.

24

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

25    Plaintiffs' claims are barred, in whole or in part, for the

26  Underlying Actions based on the Continental Policy's exclusion

27  for contractual liability.

28

**Selman Breitman LLP**
ATTORNEYS AT LAW

28

2037961v1

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, for the Underlying Actions to the extent that the claims allege recovery for pure economic loss and not damages or losses because of bodily injury, personal injury or property damage.

**THIRTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, for the Underlying Actions to the extent that injury or damage arises from, is brought about by, or is contributed to by, the dishonest, fraudulent, criminal or malicious act or omission of an insured, or any person at any time employed by an insured.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

To the extent Continental pays any monies under the Continental Policy, Continental reserves its right to seek reimbursement of same.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

To the extent Continental is determined to have any obligation for the Underlying Actions, any such obligation is subject to the Continental Policy's limits of liability and any applicable underlying insurance, retention or deductibles, and retrospective premiums.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

To the extent that Continental is determined to owe any coverage for the Underlying Actions under the Continental Policy, Continental is entitled to allocate any amounts owed for defense or indemnity across all insurance policies and self-insured or uninsured periods implicated by any claim.

Selman Breitman LLP
ATTORNEYS AT LAW

87227 1  454 34528

20379613v1

**THIRTY-FORTH AFFIRMATIVE DEFENSE**

Continental relies on and asserts all affirmative defenses pled by any other insurer Defendant in this action, to the extent applicable the Continental Policy.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

Continental reserves the right to assert any other affirmative defense that may become available from facts that are presently unknown to Continental.

WHEREFORE, having fully answered, Continental requests that this Court enter judgment in its favor and against Plaintiffs, enter a declaration that Continental has no defense or indemnity obligations for the Underlying Actions under the Continental Policy, or alternatively declaring the extent of the parties' rights and obligations under the Continental Policy, award Continental its attorneys' fees and costs incurred in this action, and award Continental such other and further relief as may be deemed just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Continental hereby respectfully requests a trial by jury on all issues and claims so triable.

**COUNTERCLAIM AND CROSS-CLAIMS FOR DECLARATORY JUDGMENT AND REIMBURSEMENT**

COMES NOW The Continental Insurance Company ("Continental"), by and through its undersigned counsel, and for its Counterclaim and Cross-Claims for Declaratory Judgment and Reimbursement states as follows:

1. Continental seeks a declaration that it does not have

Selman Breitman LLP
ATTORNEYS AT LAW

87227.1 454.34528

20379613v1

1   any obligation to provide a defense or indemnity to certain
2   Crossclaim Defendants for the Underlying Actions under the
3   Continental Policies.

4       2.    In addition, Continental seeks reimbursement from
5   certain Crossclaim Defendants for defense costs paid for the
6   Underlying Actions under the Continental Primary Policy.

7       3.    Continental also seeks a declaration that it is
8   entitled to defense and indemnity from certain Crossclaim
9   Defendants for claims for coverage and reimbursement made against
10  Continental under the Continental Policies for the Underlying
11  Actions.

12      4.    Continental further seeks a declaration, to the extent
13  necessary, as to the rights, duties and obligations of
14  Continental and certain Crossclaim Defendants and Counterclaim
15  Defendants under the Continental Policies for the Underlying
16  Actions.

17      5.    Continental also seeks a declaration, to the extent
18  necessary, as to the allocation of apportionment of defense and
19  indemnity expenses for the Underlying Actions against all
20  Crossclaim Defendants and Counterclaim Defendants.

21                      **JURISDICTION AND VENUE**

22      6.    Continental asserts its claims pursuant to Rules 13(a)
23  and 13(g) of the Federal Rules of Civil Procedure.

24      7.    This Court may exercise subject matter jurisdiction
25  over Continental's claims pursuant to 28 U.S.C. § 1367.

26      8.    Venue for Continental's claims is proper in the
27  District of Nevada because Plaintiffs/Counterclaim Defendants
28  initiated the action giving rise to Continental's claims in this

87227.1 454.34528

20379613v1

1  judicial district.

## **PARTIES**

3      9.    Upon information and belief, Counterclaim Defendant
4  Hartford Fire Insurance Company ("Hartford Fire") is an insurance
5  company organized and existing under the laws of the State of
6  Connecticut, with its principal place of business in Connecticut.

7      10.   Upon information and belief, Counterclaim Defendant
8  Hartford Accident and Indemnity Company ("Hartford Accident") is
9  an insurance company organized and existing under the laws of the
10  State of Connecticut, with its principal place of business in
11  Connecticut.

12     11.   Upon information and belief, Crossclaim Defendant
13  Pacific Employers Insurance Company ("PEIC") is an insurance
14  company organized and existing under the laws of the State of
15  Pennsylvania, with its principal place of business located in the
16  State of Pennsylvania.

17     12.   Upon information and belief, Crossclaim Defendant The
18  American Insurance Company ("American") is a corporation
19  organized under the laws of the State of Ohio with its principal
20  place of business located in the State of California.

21     13.   Upon information and belief, Crossclaim Defendant
22  United States Liability Insurance Company ("USLIC") is a
23  corporation organized under the laws of the State of
24  Pennsylvania, with its principal place of business located in the
25  State of Pennsylvania.

26     14.   Upon information and belief, Crossclaim Defendant
27  Granite State Insurance Company ("Granite State") is a
28  corporation organized under the laws of the State of

32

Selman Breitman LLP
ATTORNEYS AT LAW

1 Pennsylvania, with its principal place of business located in the

2 State of New York.

3   15. Upon information and belief, Crossclaim Defendant

4 Shapiro Bros. Investment Corp. ("SBIC") is a corporation which

5 was formed under the laws of the State of Nevada in or about 1972

6 and was dissolved on or about November 14, 1984.  Upon further

7 information and belief, Cross Defendant SBIC conducted business

8 under the fictitious names "Al Phillips The Cleaner" and/or "Al

9 Phillips The Cleaner, Inc." in the State of Nevada at certain

10 times relevant to this action.

11   16. Upon information and belief, Crossclaim Defendant Al

12 Phillips The Cleaner, Inc. (Corporate No. 11-1971) ("Al

13 Phillips") was incorporated in Nevada in or about 1971 and was

14 dissolved in or about 1978.

15   17. Upon information and belief, Crossclaim Defendant

16 Melvin Shapiro, is an individual citizen of the State of Nevada

17 and, at certain times relevant to this action, was an officer,

18 director and/or shareholder of Crossclaim Defendants SBIC and Al

19 Phillips.

20   18. Upon information and belief, Crossclaim Defendant the

21 Estate of Philip Shapiro ("Philip Shapiro") is liable for the

22 obligations of Philip Shapiro, who was a citizen of the State of

23 Nevada and, at certain times relevant to this action, was an

24 officer, director and/or shareholder of Crossclaim Defendants

25 SBIC and Al Phillips.

26   19. Crossclaim Defendants SBIC, Melvin Shapiro, Al Phillips

27 and Philip Shapiro are collectively referred as the "Shapiro

28 Defendants."

Selman Breitman LLP
ATTORNEYS AT LAW

87227.1  454.34528

20379613v1

1    20.   Upon information and belief, Crossclaim Defendant

2    Herman Kishner Trust ("HKT") is a private trust created and

3    administered under the laws of the State of Nevada.

4    21.   Upon information and belief, Crossclaim Defendant Irwin

5    Kishner, who is sued here solely in his capacity as a Trustee for

6    HKT, is a citizen of the State of Nevada.

7    22.   Upon information and belief, Crossclaim Defendant Jerry

8    Engel, who is sued here solely in his capacity as a Trustee for

9    HKT, is a citizen of the State of Nevada.

10   23.   Upon information and belief, Crossclaim Defendant Bank

11   of America, N.A. ("Bank of America"), which is sued here solely

12   in its capacity as a Trustee for HKT, is a national banking

13   association organized and existing under the laws of the United

14   States of America, and is located for the purposes of 28 U.S.C.

15   Section 1348 in the State of North Carolina.

16   24.   Upon information and belief, Crossclaim Defendant

17   Maryland Square Shopping Center Limited Liability Company

18   ("MSSC") is a Nevada limited liability company.

19   25.   Upon information and belief, Crossclaim Defendant

20   Maryland Square, LLC ("Maryland Square") is a Nevada limited

21   liability company.

22   26.   Crossclaim Defendants HKT, Irwin Kishner, Jerry Engel,

23   Bank of America and MSSC are collectively referred to as the

24   "Trust Defendants."

25                    **THE CONTINENTAL POLICIES**

26   27.   Continental issued a primary general liability

27   insurance policy to "Shapiro Brothers Investments DBA: Al

28   Phillips The Cleaner" bearing policy number CBP 1065585 for the

34

Selman Breitman LLP
ATTORNEYS AT LAW

policy period August 1, 1984 to August 1, 1985 ("Continental Primary Policy").  Upon information and belief, all Defendants possess a copy of the Continental Primary Policy.

28.   Continental issued an umbrella general liability insurance policy to "Shapiro Brothers Investments DBA: Al Phillips The Cleaner" bearing policy number LX CBP 1065585 for the policy period August 1, 1984 to August 1, 1985 ("Continental Umbrella Policy").  Upon information and belief, all Defendants possess a copy of the Continental Umbrella Policy.

29.   The Continental Primary Policy and the Continental Umbrella Policy are collectively referred to as the "Continental Policies."

## OTHER INSURER POLICIES

30.   Upon information and belief, Hartford Fire issued a primary general liability policy to "Shapiro Brothers Investments DBA: Al Phillips The Cleaner" bearing Policy No. 53 CBP GV6264 for the policy period November 7, 1982 to August 1, 1983.

31.   Upon information and belief, Hartford Accident issued a primary general liability policy to "Shapiro Brothers Investments DBA:  Al Phillips The Cleaner" bearing Policy No. 53 CBP GV6264 for the policy period August 1, 1983 to August 1, 1984.

32.   Upon information and belief, Hartford Accident issued two umbrella general liability policy to "Shapiro Brothers Investments DBA:  Al Phillips The Cleaner" bearing Policy No. 53 RHU NB6570 for the policy period April 11, 1983 to August 1, 1983, and the policy period August 1, 1983 to August 1, 1984.

33.   Upon information and belief, PEIC issued two primary liability insurance policies to "Shapiro Brothers Investment

Selman Breitman LLP
ATTORNEYS AT LAW

87227 1  454 34528

20379613v1

1   Corp. dba Al Phillips the Cleaner" bearing policy number DLP DO

2   52 22 24 2 for the policy period July 1, 1981 to July 1, 1982,

3   and the policy period July 1, 1982 to November 7, 1982.

4        34.  Upon information and belief, American issued two

5   primary liability insurance policies to "Al Philips The Cleaner,

6   Inc." as follows:  (1) policy number MXP-2568097 for the policy

7   period May 30, 1974 to May 30, 1977; and (2) policy number MXP-

8   3055458 for the policy period May 30, 1977 to May 30, 1980.

9        35.  Upon information and belief, USLIC issued a primary

10  liability insurance policy to "Valley Bank of Nevada, Irwin

11  Kishner and Jerry Engel, as Co-Trustees of The Herman Kishner

12  Trust and as Co-Executors of the Estate of Herman Kishner,

13  Deceased" bearing policy number SMP1021 for the policy period

14  November 1, 1972 to November 1, 1975.

15       36.  Upon information and belief, Granite State issued three

16  primary liability insurance policies to "Valley Bank of Nevada,

17  Irwin Kishner and Jerry Engel, as Co-Trustees of The Herman

18  Kishner Trust and as Executors of the Estate of Herman Kishner,

19  Deceased" as follows:  (1) policy number SMP 76-94-42 for the

20  policy period July 15, 1975 to July 15, 1978; (2) policy number

21  POP 67-93-18 for the policy period July 15, 1978 to July 15,

22  1981; and (3) policy number POP 279-55-27 for the policy period

23  July 15, 1981 to July 15, 1984.

24       37.  Upon information and belief, Granite State issued a

25  primary liability insurance policy to "Al Phillips the Cleaner,

26  Inc" bearing policy number POP 17-05-36 for the policy period

27  June 1, 1980 to June 1, 1983.

28

Selman Breitman LLP
ATTORNEYS AT LAW

87227.1  454.34528

20379613v1

## **BACKGROUND**

38.   Upon information and belief, one or more of the Shapiro Defendants leased a portion of a shopping center in Las Vegas, Nevada known as The Maryland Square Shopping Center (the "Property") from HKT from April 29, 1968 through August 31, 1984.

39.   During some or all of the period from April 29, 1968 through August 31, 1984 the Shapiro Defendants operated a dry cleaning facility on the Property under the name "Al Phillips The Cleaner" and/or "Al Phillips The Cleaner, Inc."

40.   Upon information and belief, on or about November 18, 1982, SBIC and the HKT entered into a 10 year lease ("1982 Lease").

41.   Upon information and belief, on August 15, 1984, SBIC entered into an asset purchase agreement (the "APA") with Johnson Group, Inc. ("JGI"), whereby SBIC sold substantially all of its assets, including its dry cleaning business, to JGI effective August 31, 1984.

42.   Upon information and belief, on August 27, 1984, JGI incorporated a new company in Nevada called Al Phillips The Cleaner ("New APTC"), and assigned all of JGI's rights under the APA to New APTC.   New APTC was a wholly owned subsidiary of JGI.

43.   Upon information and belief, on August 31, 1984, the 1982 Lease was assigned from SBIC to New APTC.

44.   Upon information and belief, on or about November 14, 1982, SBIC dissolved.

45.   Upon information and belief, in or about 1999, MSSC was formed by the HKT for the sole purpose of taking title to the Property.

37

20379613v1

46.   In March 2001, New APTC, JGI (then known as DCI USA, Inc.) and National Dry Cleaners Inc. ("NDC") (JGI's parent corporation) sued Continental and several other insurers in Indiana state court ("Indiana Action") with respect to claims for coverage at several environmental sites, including the Property.

47.   Continental settled the Indiana Action (the "Settlement Agreement").

48.   In July 2008, New APTC, JGI (then known as DCI USA, Inc.) and NDC filed for bankruptcy.  Upon information and belief, the assets of New APTC, JGI and NDC were liquidated in the bankruptcy proceeding.

### THE UNDERLYING LAWSUITS

49.   The Underlying Actions at issue arise out of alleged PCE contamination originating from the former Al Phillips The Cleaner dry cleaning facility located on the Property.

50.   On or about December 21, 2007, a class action lawsuit titled *Voggenthaler, et al. v. Maryland Square, LLC, et al.*, Case No 07-A-553784 was filed in the Eighth Judicial District Court, Clark County Nevada, by and on behalf of owners of homes located near the Property (the "State Court Action").  The complaint in the State Court Action alleged that PCE originating from the Property migrated to soil and groundwater at and below the plaintiffs' homes.

51.   The State Court Action was dismissed on or about June 27, 2012.

52.   On or about November 19, 2008, a lawsuit titled *Voggenthaler, et al. v. Maryland Square, LLC, et al.*, Case No. 2:08-cv-1618-LDG-GWF, was filed in the United States District

38

Court, District of Nevada, on behalf of certain homeowners in a neighborhood located near the Property (the "Federal Court Action"). The plaintiffs seek injunctive relief related to PCE contamination in the soil and groundwater at and below their properties.

53. On or about May 9, 2009, the State of Nevada, Department of Conservation and Natural Resources, Division of Environmental Protection, Bureau of Corrective Actions ("NDEP") filed a lawsuit titled *State of Nevada, Department of Conservation and Natural Resources., Division of Environmental Protection, Bureau of Corrective Actions v. Maryland Square Shopping Center, LLC, et al.*, Case No. 3:09-cv-00231-BES-VPC, in the United States District Court, District of Nevada (the "NDEP Action"). NDEP seeks injunctive relief and costs related to PCE contamination in the soil and groundwater at and near the Property. On July 22, 2010, the NDEP Action was consolidated with the Federal Court Action.

54. The State Court Action, the Federal Action and the NDEP Action are collectively referred to as the "Underlying Actions."

## THE SHAPIRO DEFENDANTS' CLAIM FOR COVERAGE FOR THE UNDERLYING LAWSUITS

55. On or about November 3, 2010, the Shapiro Defendants sought coverage from Continental for the Underlying Actions.

56. Continental agreed to defend SBIC, Melvin Shapiro and Philip Shapiro in the Underlying Actions under the Continental Primary Policy for the period August 1, 1984 to August 31, 1984 subject to a reservation of rights, including the right to seek reimbursement for defense and indemnity costs paid and the right

Selman Breitman LLP
ATTORNEYS AT LAW

87227 1 454 34528

20379613v1

to seek a declaration that Continental does not owe coverage.

57.   Continental denied any obligation to provide coverage to Al Phillips for the Underlying Actions under the Continental Policies.

<b>THE KISHNER PARTIES' CLAIM FOR COVERAGE</b>

58.   On or about March 24, 2008, the Trust Defendants sought coverage from Continental for the Underlying Actions.

59.   Continental eventually agreed to defend HKT under the Continental Primary Policy subject to a reservation of rights, including the right to seek reimbursement for defense and indemnity costs paid and the right to seek a declaration that Continental does not owe coverage.

60.   Continental denied any obligation to provide coverage to MSSC for the Underlying Actions under the Continental Policies.

<b>COUNT I</b>

<b>DECLARATORY JUDGMENT AGAINST AL PHILLIPS,<br>MSSC AND MARYLAND SQUARE</b>

61.   Continental incorporates by reference paragraphs 1 through 60 above as though fully set forth herein.

62.   Al Phillips was both incorporated and dissolved prior to August 1, 1984, the date the Continental Policies incepted.

63.   According to the records of the Nevada Secretary of State, MSSC filed articles of incorporation on June 11, 1999, which is more than 13 years after the Continental Policies expired.

64.   According to the records of the Nevada Secretary of State, Maryland Square filed articles of incorporation on

40

September 6, 2005, which is more than 20 years after the Continental Policies expired.

65.   Accordingly, Al Phillips, MSSC and Maryland Square do not qualify as insureds under the Continental Policies, and Continental does not owe a defense or indemnity to Al Phillips, MSSC and Maryland Square under the Continental Policies for the Underlying Actions.

WHEREFORE, Continental respectfully requests that this Court:

A.    Enter a declaratory judgment that Continental does not owe a defense or indemnity to Al Phillips, MSSC and Maryland Square for the Underlying Actions because they do not qualify as insureds under the Continental Policies;

B.    Award Continental its attorney fees and costs; and

C.    Grant such other and further relief to Continental as this Court deems just and proper.

## COUNT II

**DECLARATORY JUDGMENT UNDER THE SETTLEMENT AGREEMENT AND UNDER THE ASSET PURCHASE AGREEMENT AGAINST THE SHAPIRO DEFENDANTS AND REIMBURSEMENT AGAINST AL PHILLIPS AND SBIC**

66.   Continental incorporates by reference paragraphs 1 through 65 above as though fully set forth herein.

67.   Under the Settlement Agreement, the Shapiro Defendants released all claims for coverage under the Continental Policies.

68.   Accordingly, Continental does not owe a defense or indemnity to the Shapiro Defendants for the Underlying Actions under the Continental Policies.

69.   Pursuant to the terms of the APA, SBIC transferred ownership of the Continental Policies and right to seek coverage

41

20379613v1

1  to JGI.

2      70.  Accordingly, Continental does not owe a defense or

3  indemnity to the Shapiro Defendants for the Underlying Actions

4  under the Continental Policies.

5      71.  Furthermore, the Shapiro Defendants have failed to

6  demonstrate that Continental owes any current obligation to them

7  under the Settlement Agreement for the Underlying Actions.

8      72.  Moreover, Al Phillips and SBIC are obligated under the

9  Settlement Agreement to indemnify Continental, which obligation

10  in this matter includes, but is not limited to, providing a

11  defense and indemnity to Continental for:  (a) all claims for

12  coverage made by any entity under the Continental Policies for

13  the Underlying Actions; (b) Hartford's claims against Continental

14  relating to the Underlying Actions; and (c) any other claims

15  brought against Continental by any other entities, including the

16  other Crossclaim Defendant insurers, relating to the Underlying

17  Actions.

18      WHEREFORE, Continental respectfully requests that this

19  Court:

20      A.  Enter a declaratory judgment that Continental does not

21  owe a defense or indemnity to the Shapiro Defendants under the

22  Continental Policies for the Underlying Actions because of the

23  Settlement Agreement;

24      B.  Enter a declaratory judgment that Continental does not

25  owe a defense or indemnity to the Shapiro Defendants under the

26  Continental Policies for the Underlying Actions because of the

27  APA;

28      C.  Enter a declaratory judgment that Continental may

87227.1 454.34528

20379613v1

withdraw the defense it is providing to SBIC, Melvin Shapiro and Philip Shapiro in the Underlying Actions;

D.   Enter a declaratory judgment that Continental does not owe any current obligation to the Shapiro Defendants under the Settlement Agreement for the Underlying Actions;

E.   Enter a declaratory judgment that Al Phillips and SBIC must provide a defense and indemnity to Continental for:  (a) all claims for coverage made by any entity under the Continental Policies for the Underlying Actions; (b) Hartford's claims against Continental relating to the Underlying Actions; and (c) any other claims brought against Continental by any other entities, including the other Crossclaim Defendant insurers, relating to the Underlying Actions;

F.   Enter a declaratory judgment that Al Phillips and SBIC must reimburse Continental for all defense and indemnity expenses paid by Continental under the Continental Policies for:  (a) all claims for coverage made by any entity under the Continental Policies for the Underlying Actions; (b) Hartford's claims against Continental relating to the Underlying Actions; and (c) any other claims brought against Continental by any other entities, including the other Crossclaim Defendant insurers, relating to the Underlying Actions;

G.   Enter a judgment in Continental's favor and against Al Phillips and SBIC for the total amount of monies it must reimburse Continental;

H.   Award Continental its attorney fees and costs; and

I.   Grant such other and further relief to Continental as this Court deems just and proper.

43

20379613v1

**COUNT III**

**DECLARATORY JUDGMENT AGAINST THE SHAPIRO DEFENDANTS, THE TRUST DEFENDANTS AND MARYLAND SQUARE**

73. Continental incorporates by reference paragraphs 1 through 72 above as though fully set forth herein.

74. The Continental Primary Policy's Insuring Agreement states in relevant part as follows:

> The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
>
> A. bodily injury or
>
> B. property damage
>
> To which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, … but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

75. The Continental Umbrella Policy's Insuring Agreement states in relevant part as follows:

> To pay on behalf of the insured the ultimate net loss, in excess of the applicable underlying or retained limit, which the

44

Selman Breitman LLP<br>ATTORNEYS AT LAW

1      insured shall become legally obligated to pay

2      as damages because of

3         (A) Personal Injury

4         (B) Property Damage, or

5         (C) Advertising Injury

6       to which this policy applies, caused by

7         an occurrence

8   76. The plaintiffs in the Federal Court Action and the NDEP

9 Action have brought claims for injunctive and/or equitable

10 relief.  Additionally, the Shapiro Defendants and/or Trust

11 Defendants seek to recover certain costs that were incurred to

12 comply with court ordered injunctions.  These claims and costs do

13 not constitute damages because of bodily injury or property

14 damage under the Continental Primary Policy and do not constitute

15 damages because of Personal Injury or Property Damage under the

16 Continental Umbrella Policy.

17   77. Accordingly, Continental does not owe a defense or

18 indemnity to the Shapiro Defendants, the Trust Defendants and

19 Maryland Square for the Federal Court Action and the NDEP Action

20 under the Continental Policies because the claims and costs in

21 these actions do not constitute damages because of bodily injury

22 or property damage under the Continental Primary Policy and do

23 not constitute damages because of Personal Injury or Property

24 Damage under the Continental Umbrella Policy.

25   78. The Continental Primary Policy contains a pollution

26 exclusion that states insurance does not apply "(f) to bodily

27 injury or property damage arising out of the discharge,

28 dispersal, release or escape of smoke, vapors, soot, fumes, acids

45

alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental."

79.   The Continental Umbrella Policy contains a pollution exclusion that states insurance does not apply "(g) to liability arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental."

80.   The Underlying Actions arise from hazardous substance contamination at and allegedly emanating from the former Al Phillips The Cleaner dry cleaning facility on the Property.

81.   Accordingly, Continental does not owe a defense or indemnity to the Shapiro Defendants, the Trust Defendants and Maryland Square under the Continental Policies because the policies' pollution exclusions apply to exclude coverage for the Underlying Actions.

82.   The Continental Primary Policy contains an exclusion that states insurance does not apply "(k) to property damage to (1) property owned or occupied by or rented to the insured; (2) property used by the insured, or (3) property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control; …"

20379613v1

83.   The Continental Umbrella Policy contains an exclusion that states insurance does not apply "(1) property owned by the insured, … (3) real property rented to, occupied or used by or in the care, custody or control of the insured to the extent the insured is required by contract to provide insurance therefor, or personal property leased by, rented to, used by or in the care, custody or control of the insured."

84.   The Property was owned at all relevant times by one or more of the Trust Defendants and was leased by one or more of the Shapiro Defendants from April 29, 1968 to August 31, 1984.

85.   Accordingly, Continental does not owe a defense or indemnity to the Shapiro Defendants, the Trust Defendants and Maryland Square under the Continental Policies because the policies' property damage exclusions (noted in the preceding two paragraphs) apply to exclude coverage for the Underlying Actions.

86.   The Continental Primary Policy contains a condition titled "Insured's Duties in the Event of Occurrence, Claim or Suit:", which states as follows:

(a) In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable.

(b) If claim is made or suit is brought

47

1     against the insured, the insured shall

2     immediately forward to the company every

3     demand, notice, summons or other process

4     received by him or his representative.

5     (c) The insured shall cooperate with the

6     company and, upon the company's request,

7     assist in making settlements, in the conduct

8     of suits and in enforcing any right of

9     contribution or indemnity against any person

10    or organization who may be liable to the

11    insured because of injury or damage with

12    respect to which insurance is afforded under

13    this endorsement; and the insured shall

14    attend hearings and trial sand assist in

15    securing the giving evidence and obtaining

16    the attendance of witnesses. The insured

17    shall not, except at his own cost,

18    voluntarily make any payment, assume any

19    obligation or incur any expense other than

20    for first aid to others at the time of

21    accident.

22    87.  The Shapiro Defendants did not seek coverage from

23  Continental for the Underlying Actions until November 3, 2010,

24  which is more than 34 months after the State Court Action was

25  filed, more than 23 months after the Federal Court Action was

26  filed, and more than 18 months after the NDEP Action was filed.

27    88.  The Shapiro Defendants have breached the "Insured's

28  Duties in the Event of Occurrence, Claim or Suit" condition in

48

the Continental Primary Policy, and accordingly, Continental does not owe a defense or indemnity to the Shapiro Defendants under the Continental Primary Policy for the Underlying Actions.

89. Furthermore, even if coverage otherwise exists, Continental has no obligation to pay for or reimburse any defense costs incurred by the Shapiro Defendants before November 3, 2010.

90. The Trust Defendants and Maryland Square are not listed as named insureds or additional insureds under the Continental Umbrella Policy.

91. Furthermore, the 1982 Lease only requires that SBIC maintain public liability insurance with liability limits of not less than $500,000 per person and $1,000,000 per occurrence.

92. The 1982 Lease does not require that SBIC provide umbrella coverage to any of the Trust Defendants or Maryland Square.

93. Accordingly, the Trust Defendants and Maryland Square do not qualify as insureds under the Continental Umbrella Policy, and Continental does not owe a defense or indemnity to them under the Continental Umbrella Policy for the Underlying Actions.

WHEREFORE, Continental respectfully requests that this Court:

A. Enter a declaratory judgment that Continental does not owe a defense or indemnity to the Shapiro Defendants, the Trust Defendants and Maryland Square under the Continental Policies for some or all of the Underlying Actions for the reasons set forth in this Count;

B. Enter a declaratory judgment that Continental may withdraw the defense it is providing to SBIC, Melvin Shapiro,

49

Selman Breitman LLP
ATTORNEYS AT LAW

1  Philip Shapiro and HKT in the Underlying Actions;

2  　　　C.　Enter a declaratory judgment that even if coverage

3  otherwise exists, Continental has no obligation to pay for or

4  reimburse any defense costs incurred by the Shapiro Defendants

5  before November 3, 2010;

6  　　　D.　Enter a declaratory judgment that Continental does not

7  owe a defense or indemnity to the Trust Defendants and Maryland

8  Square under the Continental Umbrella Policy for the Underlying

9  Actions because they do not qualify as insureds under the policy;

10  　　　E.　Award Continental its attorney fees and costs; and

11  　　　F.　Grant such other and further relief to Continental as

12  this Court deems just and proper.

13  　　　　　　　　　　　　　**COUNT IV**

14  **DECLARATORY JUDGMENT OF THE RIGHTS AND OBLIGATIONS OF**
15  **CONTINENTAL, THE SHAPIRO DEFENDANTS, THE TRUST DEFENDANTS**
   **AND MARYLAND SQUARE UNDER THE CONTINENTAL POLICIES**

16  　　　94.　Continental incorporates by reference paragraphs 1

17  through 93 above as though fully set forth herein.

18  　　　95.　To the extent necessary, Continental respectfully

19  requests that this Court declare that Continental does not owe a

20  defense or indemnity in whole or in part under the Continental

21  Policies to the Shapiro Defendants, the Trust Defendants and

22  Maryland Square for the Underlying Actions on one or more of the

23  bases set forth below:

24  　　　a.　Coverage for Melvin Shapiro and Philip Shapiro for the

25  Underlying Actions may be barred, in whole or in part, for any

26  claims brought against them for which they do not qualify as an

27  insured under the Continental Policies.

28  　　　b.　Coverage for Melvin Shapiro and Philip Shapiro for the

87227 1 454 34528

20379613v1

1   Underlying Actions is barred for any claims for which they face
2   liability in their personal capacity under the Continental
3   Policies.

4       c.   To the extent that coverage otherwise exists for one or
5   more of the Trust Defendants, coverage for the Underlying Actions
6   under the Continental Policies may be limited to the policy
7   period August 1, 1984 to August 31, 1984.

8       d.   Coverage for the Underlying Actions under the
9   Continental Primary Policy is subject to the policy's limit of $1
10  million each occurrence for bodily injury and property damage
11  combined, and a $1 million aggregate limit that applies because
12  the policy was rated on a remuneration basis.

13      e.   Coverage for the Underlying Actions is barred under the
14  Continental Umbrella Policy to the extent all applicable
15  underlying insurance and/or retained limits have not been
16  properly satisfied.

17      f.   Coverage for the Underlying Actions may be barred, in
18  whole or in part, to the extent injury or damage arose out of
19  hazards, conditions, risks, losses or losses in progress that
20  were known and/or should have been known by the insured prior to
21  the effective date of the Continental Policies.

22      g.   Coverage for the Underlying Actions is barred to the
23  extent that any entity seeking coverage is unable to prove that
24  it qualifies as an insured under the Continental Policies.

25      h.   Coverage for the Underlying Actions may be barred, in
26  whole or in part, to the extent that one or more of the
27  conditions of the Continental Policies has not been complied with
28  and/or has been breached, including but not limited to any notice

Selman Breitman LLP
ATTORNEYS AT LAW

1   conditions, assistance and/or cooperation conditions, and/or

2   prohibition against voluntary payments conditions contained in

3   the policies.

4        i.   Coverage for the Underlying Actions may be barred, in

5   whole or in part, to the extent that any condition set forth in

6   any loss payable clause in the Continental Policies is not

7   satisfied.

8        j.   Coverage for the Underlying Actions, if any, is subject

9   to the Continental Policies' limits of liability and any

10  applicable underlying insurance, retentions or deductibles.

11       k.   The Continental Policies contain "other insurance"

12  clauses that may preclude or reduce any coverage available under

13  the policies.

14       l.   Coverage for the Underlying Actions may be barred, in

15  whole or in part, to the extent that they involve fines,

16  penalties, or punitive or exemplary damages.  In addition to

17  being barred by the terms of the Continental Policies, coverage

18  for such punitive damages or fines may be against applicable law

19  or public policy.

20       m.   Coverage for the Underlying Actions may be barred, in

21  whole or in part, to the extent loss arises out of the willful

22  violation of a penal statute or ordinance committed by, or with

23  the consent of, the insured.

24       n.   Coverage for the Underlying Actions may be barred, in

25  whole or in part, to the extent that an insured, by its action

26  and/or inaction, has failed to mitigate, minimize or avoid

27  damages, or has prejudiced the rights of Continental under the

28  Continental Policies.

Selman Breitman LLP
ATTORNEYS AT LAW

87227.1  454.34528

20379613v1

o.    To the extent Continental pays any monies under the Continental Policies, such payments may be subject to retrospective premiums under the policies.

p.    Coverage for the Underlying Actions may be barred in whole or in part, to the extent that the claims do not allege "bodily injury," "personal injury" or "property damage" within the meaning of the Continental Policies.

q.    Coverage for the Underlying Actions may be barred in whole or in part, to the extent that the claims do not allege an "accident" or "occurrence" within the meaning of the Continental Policies.

r.    Coverage for the Underlying Actions may be barred in whole or in part, to the extent that any alleged bodily injury, personal injury or property damage did not take place during the policy period of the Continental Policies.

s.    Coverage for the Underlying Actions may be barred, in whole or in part, to the extent that any bodily injury, personal injury or property damage was expected or intended from the standpoint of the insured.

t.    Coverage for the Underlying Actions may be barred, in whole or in part, based on any exclusions for contractual liability contained in the Continental Policies.

u.    Coverage for the Underlying Actions is not afforded to the extent that the claims allege recovery for pure economic loss and not damages or losses because of bodily injury, personal injury or property damage.

v.    Coverage for the Underlying Actions may be barred in whole or in part, to the extent an insured seeks coverage for

Selman Breitman LLP
ATTORNEYS AT LAW

87227 1  454 34528

20379613v1

1   costs it was not legally obligated to pay as damages or losses.

2        w.   Coverage for Underlying Actions may be barred, in whole

3   or in part, to the extent that injury or damage arises from, is

4   brought about by, or is contributed to by, the dishonest,

5   fraudulent, criminal or malicious act or omission of an insured,

6   or any person at any time employed by an insured.

7        x.   To the extent Continental pays any monies under the

8   Continental Policies, Continental reserves its right to seek

9   reimbursement of same, including to the extent that the costs

10  were incurred in settlement or other resolution of uncovered

11  claims.

12       y.   To the extent Continental may be determined to owe any

13  coverage for the Underlying Actions under the Continental

14  Policies, Continental is entitled to allocate any amounts owed

15  for defense and indemnity across all insurance policies and self-

16  insured or uninsured periods implicated by any claim.

17       WHEREFORE, Continental respectfully requests that this

18  Court:

19       A.   Enter a declaratory judgment that Continental does not

20  owe a defense or indemnity to the Shapiro Defendants, the Trust

21  Defendants or Maryland Square under the Continental Policies for

22  the Underlying Actions for the reasons set forth in this Count;

23       B.   Enter a declaratory judgment that Continental may

24  withdraw the defense it is providing to SBIC, Melvin Shapiro,

25  Philip Shapiro and HKT in the Underlying Actions;

26       C.   Enter a declaratory judgment setting forth the rights

27  and obligations of Continental, the Shapiro Defendants, the Trust

28  Defendants and Maryland Square under the Continental Policies for

Selman Breitman LLP
ATTORNEYS AT LAW

87227.1 454.34528    20379613v1

1  the Underlying Actions;

2      D.    Award Continental its attorney fees and costs; and

3      E.    Grant such other and further relief to Continental as

4  this Court deems just and proper.

5                          **COUNT V**

6  **DECLARATORY JUDGMENT THAT CONTINENTAL ONLY OWES 1 MONTH OF
7  COVERAGE TO THE SHAPIRO DEFENDANTS**

8      96.   Continental incorporates by reference paragraphs 1

9  through 95 above as though fully set forth herein.

10     97.   SBIC sold substantially all of its assets, including

11 its dry cleaning business, to JGI effective August 31, 1984.

12 Moreover, SBIC dissolved on or about November 14, 1982.

13     98.   The Continental Policies contain an endorsement that

14 changed the named insured from "Shapiro Brothers Investments DBA:

15 Al Phillips The Cleaner" to "Johnson Group, Inc. DBA Al Phillips

16 The Cleaner" effective September 1, 1984.  Thus, SBIC does

17 qualify as an insured under the Continental Policies effective

18 September 1, 1984.

19     99.   Accordingly, to the extent coverage otherwise exists

20 for the Shapiro Defendants under the Continental Policies for the

21 Underlying Actions, Continental's obligations to provide a

22 defense or indemnity to the Shapiro Defendants is limited to the

23 one month period from August 1, 1984 to August 31, 1984.

24     WHEREFORE, Continental respectfully requests that this

25 Court:

26     A.    Enter a declaratory judgment that to the extent

27 coverage otherwise exists for the Shapiro Defendants under the

28 Continental Policies for the Underlying Actions, Continental's

Selman Breitman LLP
ATTORNEYS AT LAW

87227.1 454.34528

20379613v1

1   obligations to provide a defense or indemnity to the Shapiro

2   Defendants is limited to the one month period from August 1, 1984

3   to August 31, 1984;

4       B.   Award Continental its attorney fees and costs; and

5       C.   Grant such other and further relief to Continental as

6   this Court deems just and proper.

### COUNT VI

### REIMBURSEMENT AGAINST SBIC, MELVIN SHAPIRO, PHILIP SHAPIRO AND HKT

10      100. Continental incorporates by reference paragraphs 1

11  through 99 above as though fully set forth herein.

12      101. Continental agreed to provide a defense to SBIC, Melvin

13  Shapiro and Philip Shapiro in the Underlying Actions subject to a

14  reservation of rights, including the right to seek reimbursement

15  from SBIC, Melvin Shapiro and Philip Shapiro for defense costs

16  paid.

17      102. Continental agreed to provide a defense to HKT in the

18  Underlying Actions subject to a reservation of rights, including

19  the right to seek reimbursement from HKT for defense costs paid.

20      103. Continental does not have and had no obligation to

21  provide defense to SBIC, Melvin Shapiro, Philip Shapiro and HKT

22  for some or all of the reasons noted in Counts II, III and IV,

23  and accordingly, they are and were not entitled to entitled to

24  receive the benefit of any defense payments made on their behalf

25  by Continental under the Continental Primary Policy in the

26  Underlying Actions.

27      104. Accordingly, Continental is entitled to reimbursement

28  from SBIC, Melvin Shapiro, Philip Shapiro and HKT for all defense

Selman Breitman LLP
ATTORNEYS AT LAW

87227.1  454.34528

20379613v1

1  payments made on their behalf by Continental under the

2  Continental Primary Policy in the Underlying Actions.

3       WHEREFORE, Continental respectfully requests that this

4  Court:

5       A.   Enter a declaratory judgment that SBIC, Melvin Shapiro

6  and Philip Shapiro must reimburse Continental for all defense

7  payments made on their behalf by Continental under the

8  Continental Primary Policy in the Underlying Actions;

9       B.   Enter a declaratory judgment that HKT must reimburse

10  Continental for all defense payments made on its behalf by

11  Continental under the Continental Primary Policy in the

12  Underlying Actions

13       C.   Enter a judgment in Continental's favor and against

14  SBIC, Melvin Shapiro and Philip Shapiro for the total amount of

15  monies they must reimburse Continental;

16       D.   Enter a judgment in Continental's favor and against HKT

17  for the total amount of monies it must reimburse Continental;

18       E.   Award Continental its attorney fees and costs; and

19       F.   Grant such other and further relief to Continental as

20  this Court deems just and proper.

21                              **COUNT VII**

22  **CLAIM FOR DECLARATORY JUDGMENT AND REIMBURSEMENT AGAINST ALL**
                              **CROSS-DEFENDANTS**
23

24       105. Continental incorporates by reference paragraphs 1

25  through 104 above as though fully set forth herein.

26       106. Continental agreed to provide a defense to SBIC, Melvin

27  Shapiro and Philip Shapiro in the Underlying Actions subject to a

28  reservation of rights, including the right to seek reimbursement

                                57

Selman Breitman LLP
ATTORNEYS AT LAW

1  from SBIC, Melvin Shapiro and Philip Shapiro for defense costs

2  paid, and the right to seek contribution from other insurers.

3        107. Continental agreed to provide a defense to HKT in the

4  Underlying Actions subject to a reservation of rights, including

5  the right to seek reimbursement from HKT for defense costs paid,

6  and the right to seek contribution from other insurers.

7        108. To the extent that it is determined that Continental

8  has a duty to provide a defense and/or indemnity for the

9  Underlying Actions under the Continental Policies, Continental is

10 entitled to an allocation and apportionment of past and future

11 defense and indemnity expenses paid in the Underlying Actions

12 against all Cross Defendants.

13       109. Furthermore, to the extent that it is determined that

14 Continental has a duty to provide a defense and/or indemnity for

15 the Underlying Actions under the Continental Policies,

16 Continental is entitled to a contribution and reimbursement

17 against all Cross Defendants of past defense and indemnity

18 expenses paid by Continental under the Continental Policies in

19 the Underlying Actions in excess of Continental's applicable

20 share of defense and indemnity expenses.

21       WHEREFORE, Continental respectfully requests that this

22 Court:

23       A.    Enter a declaratory judgment that Continental is

24 entitled to an allocation and apportionment of past and future

25 defense and indemnity expenses paid in the Underlying Actions

26 against all Cross Defendants;

27       B.    Enter an allocation and apportionment of past and

28 future defense and indemnity expenses paid in the Underlying

87227.1 454.34528

20379613v1

1   Actions against all Cross Defendants

2       C.    Enter a declaratory judgment that Continental is

3   entitled to a contribution and reimbursement against all Cross

4   Defendants of past defense and indemnity expenses paid by

5   Continental under the Continental Policies in the Underlying

6   Actions in excess of Continental's applicable share of defense

7   and indemnity expenses;

8       D.    Enter a judgment in Continental's favor and against

9   some or all of the Cross Defendants for the total amount of

10  monies they must reimburse Continental;

11      G.    Award Continental its attorney fees and costs; and

12      H.    Grant such other and further relief to Continental as

13  this Court deems just and proper.

14  DATED: March 29, 2013     SELMAN BREITMAN LLP

15

16                           By:_____/s/ Theodore J. Kurtz
                                  THEODORE J. KURTZ (SBN 1344)
17                                SELMAN BREITMAN LLP
                                  3993 Howard Hughes Pkwy, #200
18                                Las Vegas, NV  89169
                                  Telephone:   (702) 228-7717
19                                Facsimile:   (702) 228-8824
                                  Attorneys for Defendant
20                                CONTINENTAL INSURANCE COMPANY

21

22

23

24

25

26

27

28

59

87227.1  454.34528

2037961301

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of March 2013, the foregoing **DEFENDANT CONTINENTAL INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT AND REIMBURSEMENT, AND CONTINENTAL INSURANCE COMPANY'S COUNTERCLAIM AND CROSS-CLAIMS FOR DECLARATORY JUDGMENT AND REIMBURSEMENT** was served on all parties via the United States District Court CM/ECF system.


/s/ *Bonnie Kerkhoff Juarez*
BONNIE KERKHOFF JUAREZ
An Employee of SELMAN BREITMAN LLP

20379613v1