UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, et al.,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC EMPLOYERS INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:13-cv-00055-JCM-PAL<br><br>ORDER |

The parties' Joint Status Report (Dkt. #189) filed February 23, 2015, is before the court. In it, the parties advise the court that the insurance carriers who are the remaining parties in this case engaged in mediation on October 21-22, 2014, which resulted in a settlement in principle among all parties. A settlement draft and release agreement was circulated November 21, 2014. Proposed revisions to the draft settlement agreement were circulated December 2, 2014, and December 23, 2014.

A third carrier, American Insurance Company ("American"), expressed concerns regarding the scope of the draft settlement agreement which it believes can be addressed by either: (1) discussions with the Shapiro Defendants and Trust Defendants, or (2) redlining the draft settlement agreement. Towards that end, American circulated a draft settlement agreement Friday, February 20, 2015. The parties indicate that given the number of issues and parties involved, 60-90 days will be needed to review and discuss the revisions in an effort to finalize the settlement agreement. They therefore suggest filing a joint status report in approximately 60 days to advise the court whether the agreement has been finalized.

The Complaint (Dkt. #1) in this case was filed January 11, 2013. Pursuant to the provisions of the Civil Justice Reform Act, it should be tried no later than January 11, 2016. On

1

1 May 23, 2013, the court entered an Order (Dkt. #101) granting the parties' proposed discovery
2 plan and scheduling order and stayed all proceedings in this case until 45 days after a mediation
3 scheduled for September 25-26, 2013.  The parties were required to report the outcome of the
4 mediation to the court no later than October 28, 2013.  The mediation did not go forward as
5 initially scheduled, and the court has extended the discovery plan and scheduling order deadlines
6 many times to accommodate the parties' efforts to globally resolve this case.  The court has
7 conducted multiple status conferences and granted the parties' last stipulation to extend the
8 discovery plan and scheduling order deadlines on January 29, 2014.  Discovery closed February
9 20, 2015.

10 A settlement was reached with respect to the insurers' claims against the Shapiro
11 Defendants and the Trust Defendants regarding whether there was or is an indemnity obligation
12 arising from alleged environmental contamination at and emanating from property commonly
13 referred to as Maryland Square Shopping Center.  *See* parties' Joint Interim Status Report (Dkt.
14 #178).  These Defendants were dismissed without prejudice by the district judge in an order
15 entered September 30, 2013. (Dkt # 181).  The court has been advised that the claims that remain
16 involve claims between insurance carriers for allocation and reimbursement of alleged defense
17 costs incurred in the underlying litigation concerning the Maryland Square Shopping Center.
18 (Dkt # 178).

19 On October 27, 2014, counsel for Pacific Employers Insurance Company filed a Notice
20 of Settlement (Dkt. #182) advising the court that the October 21-22, 2014, mediation resulted in
21 a settlement in principle with respect to the remaining litigants.  Four months later, the parties
22 have been unable to finalize their settlement and now indicate that an additional 60-90 days will
23 be needed to review and discuss the latest round of revisions aimed at finalizing the settlement
24 agreement reached in principle.

25 The court sincerely appreciates the parties' efforts to resolve this complex case by private
26 mediation and ongoing settlement discussions.  However, the time is fast approaching when the
27 case must either be settled or prepared for trial.  The court has no information what, if any,
28 discovery the remaining parties will require to prepare the case for trial if it does not settle.  The

2

1 district judge has denied motions to dismiss after granting multiple requests for an extension of
2 the deadlines for briefing as moot given the parties' representation that the case had settled.
3 Accordingly, while the court will grant the parties' request for an additional 60 days to finalize
4 the settlement agreement and submit a joint status report, the joint status report shall address: the
5 discovery completed to date; a specific description of the discovery that remains to be completed
6 among the remaining parties; and a proposed schedule for completing all remaining discovery
7 **which will enable the case to be tried within three years of the date of filing as**
8 **contemplated by the Civil Justice Reform Act.**

**IT IS ORDERED** that the parties shall have until **April 24, 2015,** to file a joint status report which addresses whether their settlement in principle has been finalized, and if not, addresses: (1) the discovery completed to date; (2) provides a specific description of the discovery that remains to be completed among the remaining parties; and (3) a proposed schedule for completing all remaining discovery which will enable the case to be tried within three years of the date of filing as contemplated by the Civil Justice Reform Act.

DATED this 24th day of February, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE